The STATE of Ohio, Appellant,

v.

COLEGROVE, Appellee.

[Cite as *State v. Colegrove* (1998), 123 Ohio App.3d 565.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73437.

Decided July 27, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Deborah Naiman,* Assistant Prosecuting Attorney, for appellant.

*Mark Witt,* for appellee.

---

*Per Curiam.*

This cause came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc. App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and briefs of counsel. The state of Ohio, plaintiff-appellant, assigns two errors for review. This court, finding error, reverses the trial court's decision and remands for further proceedings.

On April 30, 1997, defendant-appellee, Jerry Colegrove, pulled up next to two girls under the age of thirteen years in his automobile. He told the girls he would give them $2 if they would do a favor for him. He then backed his vehicle into a driveway. The girls followed the vehicle and walked to the passenger window. Defendant leaned over and handed one of the girls two one-dollar bills. At this time, one of the girls saw that defendant was naked from the waist down and was masturbating. Both girls ran from the vehicle and reported the incident to school officials and gave full descriptions of defendant and his vehicle.

On May 1, 1997, defendant was arrested and charged with public indecency and pled guilty to that offense in the Cleveland Municipal Court. Subsequently, the Cuyahoga County Grand Jury indicted defendant on two counts of kidnapping in violation of R.C. 2905.01 (with specifications of repeat violent offender, sexual motivation, and sexually violent predator) and two counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31. Upon motion, the trial court dismissed the indictments, citing defendant's right to be free from double jeopardy. The state of Ohio timely appeals.

The state states as its first assignment of error:

"I. A trial court commits reversible error when it improperly dismisses an indictment on the grounds of double jeopardy when in fact the pending charge and the charge to which defendant has previously pled guilty each contain elements not contained in the other."

■ The state argues that the trial court erred in dismissing the charges of disseminating based upon double jeopardy. More specifically, the trial court held that the indictments charging disseminating matter harmful to juveniles were based upon the same facts and circumstances upon which defendant was previously convicted of public indecency. We disagree.

■ It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense. *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 443, 683 N.E.2d 1112, 1115. As stated by the United States Supreme Court in *United States v. Dixon* (1993), 509 U.S. 688, 695–696, 113 S.Ct. 2849, 2855–2856, 125 L.Ed.2d 556, 567–568:

"The Double Jeopardy Clause * * * provides that no person shall 'be subject for the *same* offense to be twice put in jeopardy of life or limb.' This protection applies both to successive punishments and to successive prosecutions for the *same* criminal offense. * * *

"* * *

"In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is being punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies. * * * The same-elements test, sometimes referred to as the *'Blockburger'* test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." (Citations omitted and emphasis added.)

In this case, the trial court determined that the charge of disseminating matter harmful to children was barred by double jeopardy, since that charge stemmed from the same set of facts upon which defendant had previously been found guilty of public indecency. However, that is not the standard that is to be applied. Rather than looking at the conduct of the accused, this court must review the elements of the crime with which he or she is charged. Disseminating matter harmful to children is described in R.C. 2907.31, which states:

"(A) No person, with knowledge of its character or content, shall recklessly do any of the following:

"(1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles."

Public indecency is described in R.C. 2907.09, which states:

"(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

"(1) Expose his or her private parts, or engage in masturbation."

We agree with the state that each of these crimes contains certain elements not required of the other. Clearly, public indecency requires an act by the offender directed at an individual not a member of the offender's household. Whether or not the victim is a member of the offender's household is irrelevant to a charge of disseminating matter harmful to children. Moreover, under R.C. 2907.31, the victim must be a juvenile. That is not an element necessary for a violation of the crime of public indecency. Finally, the Legislative Service Commission comments for these statutes demonstrate the different nature of each crime.

For all of these reasons, we find that the trial court erred in dismissing the indictment charging disseminating harmful matter to a juvenile. The state's first assignment of error is well taken.

The state states as its second assignment of error:

"II. R.C. 2905.01, kidnapping, does not require that the state prove an underlying felony occurred, only that the offender had purpose to commit that underlying felony, and a trial court commits reversible error when it bases its dismissal of kidnapping based on the argument that the state must prove that the underlying felony occurred."

■ The state argues that the trial court erred in dismissing the indictments charging kidnapping based on double jeopardy. The trial court held that a required element is that defendant facilitated the commission of a felony. Since the charges of disseminating matter harmful to a juvenile had been dismissed, the trial court reasoned that the indictments must be dismissed. For the following reasons, we disagree with the trial court's reasoning.

The indictment, which charged defendant with kidnapping in violation of R.C. 2905.01, states that defendant "by deception or by any means, did remove a child under the age of 13, to-wit, Kristina Russo, d.o.b. September 26, 1985, from the place where she was found for the purpose of facilitating the commission of a felony and/or for the purpose of engaging in sexual activity as defined in Ohio Revised Code Section 2907.01, with her against her will."

■ Pursuant to the indictment and the clear language of R.C. 2905.01, kidnapping requires only *the purpose* to commit a felony or to engage in sexual activity. Whether or not the felony or sexual activity actually took place is irrelevant to the charge. Moreover, we agree with the state that this issue is analogous to the burglary statutes that forbid entering another's home with the purpose to commit a theft and/or theft offense. Under those statutes, the commission of a theft is irrelevant. It is necessary only that the defendant had the purpose to commit the theft. See *State v. Cook* (July 1, 1993), Cuyahoga App.

No. 62981, unreported, 1993 WL 243079; *State v. McDougall* (Dec. 18, 1997), Cuyahoga App. No. 71276, unreported, 1997 WL 781794.

For these reasons, the trial court erred in dismissing the indictments charging defendant-appellee with kidnapping.[1] The state's second assignment of error is well taken.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., DYKE and MICHAEL J. CORRIGAN, JJ., concur.

---

1. We stress that the conclusion reached today has no bearing on the merits of the state's case and was reached solely upon a double jeopardy analysis.