JOURNAL ENTRY AND OPINION
¶ 1 This is an appeal by Jerry Colegrove from consecutive sentences totaling sixteen and one-half years to life in prison imposed by Judge Richard J. McMonagle following his convictions on two counts of kidnapping and two counts of disseminating matter harmful to juveniles. We vacate the sentence and remand.
¶ 2 From the record we glean the following: Colegrove, convicted in 1978 of kidnapping and attempted rape, had been released from prison on parole in 1995, and was required to participate in a two-year sex offender program. At 7:45 a.m. on April 30 1997, while driving to a class for sexual offenders, he noticed two young girls walking to school, stopped his car, and offered to give them two dollars if they would watch him do something. He then backed his car into a nearby driveway and the girls, ages eleven and twelve at the time, followed at his suggestion. As he gave one of the girls two dollars through the window of his car, the other girl noticed that his pants were down and he was masturbating. They ran away and told their parents.
¶ 3 Colegrove was charged in Cleveland Municipal Court, in Case #97-CRB-012797, with two counts of public indecency, pleaded guilty, and was sentenced to a $250 fine and thirty days in jail; his sentence was suspended, and he was given seven days credit for time served. On May 27, 1997, he was indicted on two counts of kidnapping, felonies of the second degree in violation of R.C. 2905.01, with repeat violent offender, sexual motivation, and sexually violent predator specifications; and, two counts of disseminating matter harmful to juveniles, a felony of the fourth degree in violation of R.C. 2907.31. Judge William Aurelius dismissed the charges on double jeopardy grounds, this court reversed that finding, and the case was remanded for trial.[1]
¶ 4 Because the offenses at issue were not offenses of violence, the repeat violent offender specifications were dismissed and, following a bench trial, Colegrove was subsequently convicted of all other charges. At post-trial hearing, he was adjudicated a sexual predator, and Judge Aurelius imposed a prison sentence of seven years to life on each of the kidnapping charges and fifteen months on each of the disseminating charges, and ordered that each sentence be served consecutively, for a total aggregate sentence of sixteen and one-half years to life in prison.[2] This court then upheld Colegrove's convictions in State v. Colegrove[3] ("Colegrove II"), but remanded the case for re-sentencing, because the judge had not made the required statutory findings to justify the imposition of consecutive sentences.
¶ 5 On February 14, 2001, Colegrove appeared before Administrative Judge Richard J. McMonagle for re-sentencing.[4] At hearing, the following facts were summarized for the judge regarding the details of the offenses and Colegrove's criminal history:
 ¶ 6 * Colegrove, in 1978, had pled guilty to charges of kidnapping and attempted rape in connection with a crime in which he and a co-defendant had abducted a woman at gunpoint, stolen her car, and then taken turns brutally raping her while driving around over a period of some hours;
 ¶ 7 * In mid-1985, Colegrove was granted parole on the above-mentioned case. He was subsequently investigated shortly thereafter for a series of attempted abductions of children in the Van Wert, Ohio area. While no charges were formally brought based on these investigations, his parole was revoked and he returned to prison.
 ¶ 8 * In 1995, Colegrove was once again paroled on his 1978 convictions. As a requirement of his parole, he was required to obtain treatment as a sexual offender. Apparently, he was receiving the highest marks attainable for progress, attendance and participation in an Adult Parole Authority program in which he enrolled, but he actually committed the offenses at issue in this case on a day in which he also attended sexual offender class.
 ¶ 9 * The conduct for which Colegrove was actually convicted in this case involved luring two girls under the age of thirteen twenty-four feet to a driveway where he parked is car, with the promise of paying them two dollars to watch something. The "something" he intended them to watch was him masturbating. While one girl took two dollars from him, she did not observe his conduct, but the other girl did.
¶ 10 After hearing the arguments of the parties relative to whether the facts of this case justified the imposition of consecutive sentences, the judge re-imposed sentences of seven years to life imprisonment on each kidnapping count, and fifteen months imprisonment on each disseminating count, with all sentences to run consecutively, for an aggregate sentence of sixteen and one-half years to life prison. Colegrove now appeals in one assignment of error:
 ¶ 11 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH ADEQUATE REASONS IN SUPPORT OF ITS MANDATORY FINDINGS REQUIRED BY R.C. §§ 2929.14(E)(4) AND 2929.19(B)(2)(c).
¶ 12 Under R.C. 2929.14(E)(4), a judge may sentence a defendant to consecutive terms of imprisonment for multiple crimes in the following circumstances:
 ¶ 13 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 ¶ 14 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 ¶ 15 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 ¶ 16 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[5]
¶ 17 In making such findings that consecutive sentences are appropriate, a judge must articulate, on the record, the reasons for the findings made.[6]
¶ 18 In the case sub judice, the judge made the following findings in imposing sentence:
 ¶ 19 The determination as to whether or not they should have run consecutively, I'm going to weigh all the evidence that I read. * * * [W]e have to determine first that it is necessary to protect the public from future crime or to just punish the offender, and we do want to find that is necessary to protect the public from future crime and also to punish the offender. * * * [H]e really was exposing himself to somebody, is what [the defense] argument is. It's not like sticking a knife in somebody. But are these sentences not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public? All right.
 ¶ 20 I guess the idea is, let's keep him away as long as we can, if we are talking about consecutive sentences.
 ¶ 21 Also, we have to consider whether or not he was under post-release control for a prior offense. Of course, he was. Also then I have to determine whether the offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender, and I am well aware of his prior history of criminal conduct and whether you want to call him a pedophile or a sex maniac, I don't know, but the pedophile [label] does not fit [considering the adult victim of Colegrove's 1978 rapes]. * * * The record of that is horrific. I'm sure that I cannot glean the impact that it had on [the victim] and what she was going through with the defendant and his pal on that day
 ¶ 22 So, in considering that, I think this defendant is pretty much close to a menace. He should not have been paroled, but we are stuck with that, and I don't think anybody disagrees with me, and he was going to a sex offender class, or something like that, for the Adult Parole Authority the exact same date he did the kidnapping, so to speak, of these young ladies. * * *
 ¶ 23 So, finding that he was under post-release control, I also find that the history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by him, and also that the consecutive sentence, because he was released on a horrifically worse crime than these, so how do we protect the public, and also how do we punish the offender? I don't think it is disproportionate to the seriousness of this conduct to sentence them consecutively, with the seriousness and the danger that he poses to the public.
¶ 24 From this record, we note at the outset that the judge specifically found that, based on his prior criminal record, Colegrove was on parole at the time of these offenses for a violent rape, satisfying a required finding under R.C. 2929.14(E)(4)(a), and that, given his long history of sexual offenses against both adults and children, consecutive sentences were necessary to protect the public from him, satisfying a required finding under R.C. 2929.14(E)(4)(c).[7] The judge also found that consecutive sentences were necessary to protect the public from future crime from Colegrove, noting that, in spite of the fact that he was receiving required sexual offender treatment, and thought to be doing very well, he persisted in committing these sexual crimes.
¶ 25 Finally, the judge found that the sentences imposed were not disproportionate to the seriousness of Colegrove's conduct and the danger he posed to the public in detailing his prior history and seemingly irresistible urges to commit sexual crimes, and in describing Colegrove as a sex maniac and a "menace." The judge's findings implicitly reflect a concern that since Colegrove has brutally raped an adult woman in the past, and has shifted his focus to young girls as victims, that the offenses were so serious sub judice because they could represent precursors or repeat conduct which, if not deterred by the court with its fullest ability, could eventually blossom into a future violent sexual attack upon a young girl. It is apparent from the judge's findings that he imposed consecutive sentences in order to "keep Colegrove away" for as long as possible because that is the only way to lessen the risk of further sexual crimes, in light of the fact that the specific crimes in this case involved statutory kidnapping of young children in order to expose them to his perverse sexual conduct. He did not, however, explain why the consecutive sentences were not disproportionate to the seriousness of Colegrove's conduct of April 30, 1997.[8]
¶ 26 We do not note any discussion of the statutory factors to be examined in discussing the seriousness (or less seriousness) of Colegrove's conduct according to R.C. 2929.12(B) and (C),[9] in committing two counts of kidnapping and disseminating against these young victims. Without articulated reasons underlying the judge's conclusion that Colegrove's consecutive sentences are not disproportionate to the conduct for which he is being sentenced, irrespective of his prior conduct, the judge has not complied with the mandates of R.C. 2929.14(E)(4) or R.C. 2929.19(B)(2)(d), and we cannot meaningfully review whether or not the sentence imposed is in keeping with the overriding purposes of Ohio's sentencing statutes. These requirements must be strictly observed, because the General Assembly, through the enactment of R.C. 2929.(E)(4), has announced a public policy which disfavors the imposition of consecutive sentences upon all but the most deserving offenders.[10]
In imposing punishment, judges are required to adhere to the mandates of the General Assembly:
 ¶ 27 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 ¶ 28 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.[11]
¶ 29 When a court of appeals clearly and convincingly finds that a sentence imposed by a judge is unsupported by the record or contrary to law, the court of appeals may modify the sentence or vacate the sentence and remand the matter for re-sentencing.[12]
¶ 30 Sentence vacated and cause remanded for re-sentencing.
¶ 31 It is ordered that the appellant recover from appellee costs herein taxed.
¶ 32 It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
¶ 33 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and DIANE KARPINSKI, J., CONCUR.
[1] See State v. Colegrove (1998), 123 Ohio App.3d 565,704 N.E.2d 645.
[2] As a result of Colegrove's conviction of sexually violent predator and sexual motivation specifications, in addition to the kidnapping and disseminating charges, his sentence was statutorily required to consist of an authorized minimum number of years, to a maximum of a life term in prison. See R.C. 2971.01(G), in relevant part defining a "sexually violent offense" as a kidnapping offense coupled with a sexual motivation specification, and R.C. 2971.03(A)(3)mandating a minimum prison term otherwise authorized by the degree of the offense and a maximum term of life in prison.
[3] (Nov. 9, 2000), Cuyahoga App. No. 75705, unreported.
[4] It was noted in the record that Judge McMonagle assumed sentencing duties because Judge Aurelius had retired from the bench.
[5] R.C. 2929.14(E)(4).
[6] R.C. 2929.19(B)(2)(d); State v. Jones (2001), 93 Ohio St.3d 391,399, 754 N.E.2d 1252, 1260.
[7] We note that the judge only needed to make one of these findings, under statute, but found both based on their obvious presence in the record.
[8] See, generally, R.C. 2929.14(E)(4); State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported; State v. O'Linn (Mar. 16, 2000), Cuyahoga App. No. 75815, unreported.
[9] a The factors, as set out by statute, include the following considerations:
b (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 c (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 d (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 e (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 f (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 g (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 h (6) The offender's relationship with the victim facilitated the offense.
 i (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 j (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 k (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
l (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
m (1) The victim induced or facilitated the offense.
n (2) In committing the offense, the offender acted under strong provocation.
o (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
p (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. (Emphasis added.)
[10] State v. Adkins (Nov. 15, 2001), Cuyahoga App. No. 78933, unreported, citing State v. Edmonson (1999), 86 Ohio St.3d 324, 328,715 N.E.2d 131 and State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470, 75471, unreported.
[11] See. R.C. 2929.11 (emphasis added).
[12] R.C. 2953.08(G)(1)(a) and R.C. 2953.08(G)(1)(d).