OPINION JUDGMENT ENTRY
{¶ 1} Defendant Robin Markel, n.k.a. Zajac, appeals a judgment of the Court of Common Pleas, Domestic Relations Division of Ashland County, Ohio, which overruled her objections to the report of the magistrate to whom this matter was referred, and adopted the magistrate's decision. Appellant assigns five errors to the trial court:
 I {¶ 2} "The trial court erred in adopting the amended magistrate's decision where appellant was dened due process of law as guaranteed by the Ohio and United States Constitutions where she did not receive a summons complying with R.C. 2705.031.
 II {¶ 3} "The defendant-appellant was denied due process of law as she did not receive a hearing before a fair and impartial tribunal.
 III {¶ 4} "The trial court erred in adopting the amended magistrate's decision where the magistrate exceeded the instructions upon recommitment by the trial court.
 IV {¶ 5} "The trial court erred in adopting the amended magistrate's decision where the magistrate's decision was against the manifest weight of the evidence.
 V {¶ 6} "The trial court erred and abused its discretion in adopting the amended magistrate's decision."
 {¶ 7} The record indicates appellant and plaintiff/appellee Bruce C. Markel are the parents of the three minor children who ranged in age from five to seven at the time of the hearing. It appears appellant had been the residential parent after the parties divorced in 2001, but at the time of the hearing, appellee was the residential parent of these children. The matter came before the magistrate on cross-motions. Appellee had filed a motion seeking to hold appellant in contempt for failure to abide by a visitation order, and appellant moved the court for change of custody.
 I {¶ 8} In her first assignment of error, appellant argues she did not receive a summons complying with R.C. 2705.031 before the hearing on appellee's motion to find her in contempt. Appellant raised this issue in her objections to the magistrate's decision, and the trial court agreed Ohio law required a summons be issued in a contempt action. The court found, however, in this particular instance, the issue had been discussed prior to the hearing, and appellant's counsel waived the question of the summons.
 {¶ 9} As appellant points out, there is no record of a discussion or waiver. However, both counsel made opening statements, and both alluded to the pending contempt motion. No one objected on the record, or indicated they were unprepared to go forward on the motion. The motion itself contains a certificate of service showing it was sent to defendant's counsel. The parties fully litigated the issue.
 {¶ 10} We agree with the trial court, the Revised Code mandates the issuance of a summons. However, based upon this record, there is no allegation or indication of prejudice, and for this reason, we find the failure to issue a summons was harmless error.
 {¶ 11} The first assignment of error is overruled.
 II {¶ 12} In her second assignment of error, appellant argues she was denied the due process of law because she did not receive a hearing before a fair and impartial tribunal. Appellant cites to several instances in the record wherein the magistrate appears to have become exasperated by the way the hearing was proceeding. This court cannot find, however, this demonstrates the magistrate was not fair and impartial.
 {¶ 13} Appellant also characterizes as "peculiar" the magistrate's leaving the bench on two occasions when appellant's trial counsel made a proffer of evidence.
 {¶ 14} Appellee responds there is nothing in the rules regarding the conduct of the magistrate during a proffer of evidence. The purpose of a proffer is to preserve the evidence for a reviewing court, and here, the evidence was preserved for the trial court when it reviewed the magistrate's decision.
 {¶ 15} In the case of State v. Colegrove (2000), 123 Ohio App.3d 565,704 N.E.2d 645, the Court of Appeals for Cuyahoga County found at a bench trial in a juvenile delinquency case, the juvenile was not prejudiced by the State's proffer of other acts or evidence because even though the judge was the trier of fact, his judicial role required him to resolve preliminary questions concerning the admissibility of State's proffered evidence. In Colegrove, the appellant argued the judge, who was the trier of fact in this bench trial, should not have been present during the proffer of the evidence. The Eighth District Court of Appeals found a judge frequently acquires knowledge of inadmissible evidence, and in fact, must do so in order to admit or exclude the evidence. However, in a bench trial, the trial court must eliminate the evidence from consideration in determining the facts.
 {¶ 16} We find no error in the magistrate excusing himself from the bench during the proffer of evidence.
 {¶ 17} The second assignment of error is overruled.
 III {¶ 18} In her third assignment of error, appellant urges the trial court erred in adopting the amended magistrate's decision because the magistrate exceeded the court's instructions on remand
 {¶ 19} The trial court reviewed the magistrate's first decision, and returned the matter to the magistrate for a supplemental decision using the appropriate legal standard of the change of circumstances. Appellant argues in amending the decision, the magistrate went beyond the instruction, and added information which did not relate to the legal standard of change of circumstances. Most of what the magistrate added were statements about the best interest of the children regarding the designation of the residential parent.
 {¶ 20} We find no prejudicial error herein. The trial court reviewed the amended decision, and overruled appellant's objections to it. When the trial court adopted the magistrate's amended decision, all questions regarding whether the magistrate obeyed the court's instructions were resolved.
 {¶ 21} The third assignment of error is overruled.
 IV {¶ 22} Next, appellant argues the magistrate's amended decision was against the manifest weight of the evidence, and for this reason, the trial court should not have adopted it. The trial court found weight of the evidence, creditability, and other issues are best left to the discretion of the fact finder, who is in the best position to make such judgments. The court added it had reviewed the record, and found the objections to be not well taken.
 {¶ 23} Appellant argues the trial court is the ultimate fact finder even when a matter is referred to a magistrate, and here, the trial court abdicated its role and deferred to the magistrate's decision.
 {¶ 24} Civ. R. 53(E)(4) governs a trial court's action on a magistrate's decision. The rule provides the court must rule on any objections, and may adopt, reject, or modify the decision, may hear additional evidence, return the matter to the magistrate, or re-hear the matter. The court may even refuse to consider additional evidence proffered with the objections unless the party demonstrates it could have produced the evidence before the magistrate.
 {¶ 25} A trial court is required to conduct an independent review of the case, because it has the ultimate authority and responsibility over the matter, and must decide whether the magistrate has properly determined the factual issues and appropriately applied the law. If it finds the magistrate failed to do so, then the trial court must substitute its judgment for that of the magistrate, see, e.g. State exrel. Hrelec v. Campbell (2001), 146 Ohio App.3d 112, 765 N.E.2d 402.
 {¶ 26} The trial court stated it has reviewed the record, which is what the rule requires of the court. Despite the rather unfortunate language of the trial court, this court is unable to find the court abdicated its responsibilities or failed to weigh the evidence in the record.
 {¶ 27} Of more concern is the issue appellant raises about the allegation of physical abuse by appellee. At the hearing, an emergency room nurse testified she had examined one of the parties' children, and the child reported her father had punched her in the eye twice. The nurse testified the injury was not consistent with an ordinary childhood accident, and the child's demeanor was consistent with her statement that her father had caused the injury.
 {¶ 28} The nurse further testified she had reported the matter to authorities, but had never been contacted by police or Children's Services. She also admitted on cross she was unable to give an opinion about how the injury actually occurred. Her function was to examine the child, and determine whether the injury was one which State law required be reported. The nurse conceded it was not her job to determine how the injury had occurred.
 {¶ 29} Appellee denied abusing the child.
 {¶ 30} The magistrate also heard evidence from the office manager of New Beginnings Pediatrics. The office manager indicated appellant had reported one of the children had been sexually abused. The office manager indicated New Beginnings required the case worker involved with Children's Services to call and schedule an appointment to examine the child, and New Beginnings had no record of any contact from the Children's Services Agency. The office manager also testified the records contained nothing indicating any of the doctors employed by New Beginnings had discovered or reported any possible abuse to the Children's Services' Agency, which State law required them to do.
 {¶ 31} The magistrate found there was insufficient evidence supporting any allegation of abuse. Upon review, this court finds the decision is supported by the evidence.
 {¶ 32} Finally, appellant takes issue with the award of attorney fees as a sanction against her for contempt. The magistrate awarded $350 in attorney fees to appellee. The magistrate found this amount was reasonable.
 {¶ 33} Appellant urges local court rules require an itemized statement for services rendered, including the time and hourly rates, be presented with a motion for attorney fees. The rule also requires testimony be offered as to whether the services billed for were actually rendered. This court could find no such evidence in the record.
 {¶ 34} Appellant raised this issue before the trial court in her objections to the magistrate's amended decision. The trial court did not discuss this when it overruled the objections, and appellee does not discuss it in his brief.
 {¶ 35} We find the order of attorney fees is not supported by the record.
 {¶ 36} The fourth assignment of error is sustained as to the determination of attorney fees, and overruled as to the other portions.
 V {¶ 37} Finally, appellant argues the trial court abused its discretion when it adopted the amended decision. Appellant correctly cites Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, as authority for the proposition abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. We have reviewed the record, and we find no abuse of discretion, except as noted regarding the award of attorney fees, supra.
 {¶ 38} The fifth assignment of error is sustained in part and overruled in part.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings regarding the motion for attorney fees subsequent to the contempt finding.
 {¶ 40} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed in part, reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to be split between appellant and appellee.