DECISION
{¶ 1} Defendant-appellant, Anthony S. Davis ("appellant"), pro se, has filed an application to reopen his appeal and this court's December 22, 2005 judgment in State v. Davis, Franklin App. No. 05AP-193, 2005-Ohio-6810, affirming appellant's convictions for: (1) possessing criminal tools, a violation of R.C. 2923.24, a felony of the fifth degree; (2) burglary, a violation of R.C. 2911.12, a felony of the second degree; and (3) breaking and entering, a violation of R.C. 2911.13, a felony of the fifth degree.
 {¶ 2} Appellant's charges arose out of break-ins at the Patient Care Medical Services offices and the Columbus Speech and Hearing Center in August 2003. On September 26, 2003, the Franklin County Grand Jury indicted appellant on four counts arising out of the two break-ins. Counts 1 and 2 of the indictment charged appellant with breaking and entering and possession of criminal tools arising out of the break-in at the Columbus Speech and Hearing Center, whereas Counts 3 and 4 (as amended) charged appellant with burglary and possession of criminal tools arising out of the break-in at Patient Care Medical Services. At trial, plaintiff-appellee, the State of Ohio, moved to dismiss Count 4. Appellant entered a no contest plea to Count 1, and a jury found appellant guilty on Counts 3 and 4. Appellant appealed his convictions and, on December 25, 2005, we affirmed.
 {¶ 3} App.R. 26(B) permits applications for reopening an appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. An application for reopening must set forth "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]" App.R. 26(B)(2)(c). The application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). Because we conclude that appellant fails to demonstrate a genuine issue as to whether he was deprived of effective assistance of appellate counsel, we deny his application to reopen.
 {¶ 4} The two-pronged analysis set forth in Strickland v.Washington (1984), 466 U.S. 668, is the appropriate standard to assess whether an applicant has raised a genuine issue as to the ineffectiveness of his appellate counsel. State v. Hooks
(2001), 92 Ohio St.3d 83, 84. To show ineffectiveness of counsel, an applicant must prove that his counsel was deficient for failing to raise the issues he now presents and that, had the issues been presented, there was a reasonable probability of success. Id., citing State v. Bradley (1989),42 Ohio St.3d 136. To justify reopening, an applicant "`bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" Hooks at 84, quoting State v. Spivey (1998),84 Ohio St.3d 24, 25.
 {¶ 5} An appellate attorney's performance was deficient if it was unreasonable under prevailing professional norms.Strickland at 688. Appellate counsel need not raise every non-frivolous issue; counsel may limit the arguments raised in order to focus on issues most likely to be successful. State v.Caulley, Franklin App. No. 97AP-1590, 2002-Ohio-7039, at ¶ 4, citing Jones v. Barnes (1983), 463 U.S. 745, 752, and State v.Allen (1996), 77 Ohio St.3d 172, 173.
 {¶ 6} In his application for reopening, appellant proposes four assignments of error:
[1.] THE TRIAL COURT ABUSED ITS DISCRETION, TO THE PREJUDICE OF THE APPELLANT, IN OVERRULING APPELLANT[']S PRETRIAL MOTION FOR AN INVESTIGATOR. SAID ERROR OF THE COURT VIOLATED ARTICLE I, SECTION10, OF THE OHIO CONSTITUTION, AND THE 6TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION[.]
[2.] APPELLANT WAS DEPRIVED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE LOWER LEVEL IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.]
[3.] THE TRIAL COURT ABUSED ITS DISCRETION TO THE [PREJUDICE] OF THE APPELLANT, IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WITHOUT A HEARING. SAID ERROR OF THE LOWER COURT VIOLATED APPELLANT['S] RIGHT TO DUE PROCESS OF LAW[.]
[4.] OHIO REVISED CODE SECTION 2911.12(a)(1) IS UNCONSTITUTION[AL] IN THAT IT FAILS TO LIST ALL OF THE ELEMENTS OF THE CRIME [FOR WHICH] A DEFENDANT MUST DEFEND. THE SAME BEING A VIOLATION OF ARTICLE I, SECTION TEN, OF THE OHIO CONSTITUTION, AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.]
 {¶ 7} Because they both deal with alleged error premised on the trial court's denial of pre-trial motions, we address appellant's first and third assignments of error together. In his first proposed assignment of error, appellant contends that appellate counsel was ineffective for failing to raise as error the trial court's denial of his motion for an investigator. In his third proposed assignment of error, appellant contends that appellate counsel was ineffective for failing to raise as error the trial court's denial of his motion to suppress evidence without first conducting a suppression hearing. Appellant acted pro se in filing his motion for an investigator and motion to suppress, despite the fact that he was represented by counsel.
 {¶ 8} On November 8, 2004, the prosecutor informed the trial court of appellant's pending pro se motions, noting that the state had not responded to those motions because they were not filed by appellant's counsel. Appellant's counsel addressed the pending motions, stating:
* * * I did not file these motions, and for my own reasons I disagree with the filing of these motions. I had discussed that with Mr. Davis. As the Court is aware, oftentimes even if he were another attorney sitting here we would have disagreements in terms of how to proceed. He has filed a motion to test the evidence at the State expense, which presumably he wants to test the fingerprint.
He has filed a motion for physical examination of the evidence. That is always done anyway, so I don't know that that requires a ruling.
And he's also requested a motion for a private investigator. The discovery in this case is not even — I don't even think it's 50 pages, and most of which does not pertain to the actual evidence that will be presented. And so I don't feel that there is a need for an investigator.
(Nov. 8, 2004 Tr. at 6-7.) Despite the fact that appellant's trial counsel disagreed with the pending pro se motions, the trial court afforded appellant the opportunity to argue in support of his motions: "Mr. Davis, if you want to be heard on those motions I will listen to what you have to say, but you have got a lawyer who represents you and that is who is representing you, and that is who is filing the motions as far as I'm concerned." Id. at 7.
 {¶ 9} Appellant took advantage of the opportunity to address the trial court regarding his pro se motions. He stated that he filed a motion for an investigator to "find out exactly what happened" with respect to the possession of criminal tools charges: "I wanted to know what [the tool] was used for." Id. at 8-9. Additionally, appellant wanted an investigator to ascertain facts regarding appellant's assertion that he was in Georgia on one of the alleged offense dates. Although appellant also briefly addressed his motion to test the fingerprint evidence, he did not address his motion to suppress. After listening to appellant's arguments, counsel's statement that she disagreed with the pro se motions, and counsel's professional opinion that no investigator was necessary, the trial court summarily denied each of appellant's pro se motions. Appellant presently argues that his appellate counsel was deficient in failing to raise assignments of error premised on the trial court's denial of his motions for an investigator and to suppress evidence.
 {¶ 10} In Ohio, "a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471, at ¶ 32, citing Parren v. State (1987),309 Md. 260, 269. In Martin, the Ohio Supreme Court recognized that a scenario involving a hybrid representation may raise several troubling issues. One such issue was deciding who is the ultimate decision-maker when the defendant and his "co-counsel" disagree on key trial issues, such as strategy and/or which witnesses to call.
 {¶ 11} At trial on February 2, 2005, while voir dire was in progress, appellant indicated to the trial court that he wished to proceed pro se and, after lengthy questioning, the trial court allowed appellant to represent himself, with defense counsel remaining at the counsel table in an advisory role. However, on April 30, 2004 and October 18, 2004, when appellant filed his pro se motions, appellant was represented by counsel. At the November 8, 2004 hearing, when he argued in support of his pro se motions and the trial court denied such motions, appellant was represented by counsel. At no time during the November 8, 2004 hearing did appellant indicate a desire to proceed pro se, despite his counsel's disagreement with the pro se motions. Thus, the potential issue that troubled the Ohio Supreme Court inMartin came to pass here, where appellant and his counsel disagreed on the necessity for the motions appellant ultimately filed on his own behalf.
 {¶ 12} This court has held that, where a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record. State v. Walker (Aug. 16, 1988), Franklin App. No. 87AP-863; see, also, State v. Haines, Franklin App. No. 05AP-55, 2005-Ohio-5707, at ¶ 35. As stated above, appellant's counsel not only declined to join in the pro se motions, but specifically stated that she saw no need for the relief appellant requested therein. Accordingly, appellant's pro se motions were not properly before the trial court, and we find that his appellate counsel was not deficient in failing to raise assignments of error based on the trial court's denial of those motions.
 {¶ 13} Even if appellant was entitled to file his pro se motion for appointment of an investigator, we find no abuse of discretion in the trial court's denial of that motion. A trial court has broad discretion to grant or deny an indigent defendant's motion for the appointment of an expert witness or a state-funded investigator in a non-capital case, and we review the trial court's decision to grant or deny such appointment for abuse of discretion. State v. Blankenship (1995),102 Ohio App.3d 534, 551, citing State v. Weeks (1989),64 Ohio App.3d 595, 598. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 14} A defendant seeking court-appointed investigative assistance bears the burden of establishing the reasonableness of his request and must, at a minimum, establish some particularized need for the services of an investigator. Blankenship at 551. Appellant's vague arguments to the trial court did not establish a particularized need for an investigator. Given appellant's counsel's statement that an investigator was not necessary, the record does not demonstrate that the trial court abused its broad discretion by denying appellant's motion. Accordingly, we do not find that appellate counsel was deficient in failing to raise such denial as error.
 {¶ 15} Likewise, even if appellant was entitled to file his pro se motion to suppress, we conclude that appellate counsel's failure to assign the trial court's denial of that motion as error does not rise to the level of ineffective assistance. "In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." State v. Shindler (1994),70 Ohio St.3d 54, at syllabus. "The standard applied to determine if a court properly denied a defendant's motion to suppress evidence without a hearing is whether or not the claims within a defendant's motion contained factual allegations that needed to be assessed by the court. Where the suppression motion does not contain factual allegations justifying relief, a trial court has discretion to deny the motion without a hearing." State v.Smith (Mar. 25, 1998), Lorain App. No. 96CA006331.
 {¶ 16} In his motion to suppress, appellant requests suppression of "any, and all, oral statements made by defendant in violation of the 5th Amendment to the United States Constitution." The Fifth Amendment does not bar volunteered statements. State v. Waddy (1992), 63 Ohio St.3d 424, 440, superceded by state constitutional amendment on other grounds inState v. Smith (1997), 80 Ohio St.3d 89, citing Miranda v.Arizona (1966), 384 U.S. 436, 478. Thus, to require a hearing on his motion to suppress, appellant was required to set forth factual allegations demonstrating that his statements to police were involuntary.
 {¶ 17} In his motion to suppress, appellant neither identifies a specific statement allegedly obtained in violation of the Fifth Amendment nor alleges a sufficient factual basis to support a Fifth Amendment violation. Appellant does not allege that the police failed to read him his Mirand a warnings nor does he allege that he refused to voluntarily waive the rights conveyed therein. Appellant simply states that he asked to speak with a lawyer and that he remained handcuffed for hours. Appellant contends that "this action by agents of the state wore his resistance down to the point where the alleged statements [were] made." Although appellant states that he requested to speak to a lawyer, he does not indicate whether the state complied with or refused his request. Moreover, by itself, appellant's allegation that he was handcuffed does not demonstrate that his statements to police were the result of coercive police activity. See, e.g., Shriner v. Wainwright
(C.A.11, 1983), 715 F.2d 1452; United States v. Ogden (C.A.5, 1978), 572 F.2d 501. Accordingly, because the factual allegations presented in appellant's pro se motion to suppress did not justify relief, the trial court did not err by denying appellant's motion without a hearing.
 {¶ 18} In his second proposed assignment of error, appellant argues that he was denied effective assistance of trial counsel based on counsel's alleged failure to investigate. Specifically, appellant claims that his trial counsel failed to identify a worker on duty at the time and site of one of the alleged break-ins. At trial, after requesting to proceed pro se, appellant asked his counsel if he had subpoenaed the two or three witnesses that appellant told his counsel about the previous day. Appellant's counsel responded that, the previous day, appellant identified as a potential witness a "Hispanic maintenance man," but did not provide the witness' name. Appellant's counsel went on to state: "I have no way of verifying or even identifying who this individual is." (Feb. 1, 2005 Tr. at 31.) Presently, appellant argues that his trial counsel's failure to investigate the identity of this individual rendered his performance deficient and prejudiced appellant. Therefore, appellant contends that his appellate counsel was deficient in failing to raise an assignment of error based on ineffective assistance of trial counsel.
 {¶ 19} When allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for post-conviction relief rather than a direct appeal. State v. Cooperrider (1983), 4 Ohio St.3d 226, 228;State v. White (Nov. 2, 1999), Franklin App. No. 98AP-1379 ("[b]ecause a determination of defendant's claim of ineffective assistance of counsel involves facts outside the record, defendant's first assignment of error is overruled"). Here, even if appellant were able to demonstrate that his trial counsel was deficient in failing to identify the "Hispanic maintenance man," determination of appellant's claim of ineffective assistance of trial counsel would require evidence outside the record to assess whether counsel's inaction prejudiced appellant. The record contains no indication of whether the unidentified witness could have been identified or located. Nor does the record provide any indication as to what the unidentified witness' testimony would have been. Accordingly, appellant's proposed claim that his trial counsel was ineffective in preparing for trial and investigating the unidentified witness would not have properly been before this court for determination on direct appeal. Thus, we find no deficiency in appellate counsel's failure to make such an argument.
 {¶ 20} Lastly, in his fourth proposed assignment of error, appellant argues that appellate counsel was deficient in failing to argue that R.C. 2911.12(A)(1) is unconstitutional because it fails to list all the elements of the crime. Closer review reveals that the gist of appellant's argument is not the constitutionality of the statute itself, but that his indictment was fatally defective because it failed to give him notice of all of the elements of the offense with which he was charged.[1] Based on his contention that the indictment failed to notify him of the elements of the offense with which he was charged, appellant claims he was denied due process of law.
 {¶ 21} R.C. 2911.12(A)(1) defines the criminal offense of burglary and provides, in pertinent part:
(A) No person, by force, stealth, or deception, shall do any of the following:
(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]
As amended, Count 3 of appellant's indictment reads:
The Jurors of the Grand Jury of the State of Ohio * * * find and present that Anthony S. Davis * * * on or about [August 22, 2003,] * * * in violation of section 2911.12 of the Ohio Revised Code, by force, stealth, or deception, did trespass in 1395 East Dublin-Granville Road, the property of another, to wit: Patient Care Medical Services, an occupied structure as defined in section 2909.01 of the Ohio Revised Code, or in a separately secured or separately occupied portion of said occupied structure, in which at the time Mary Lesko or any person other than Anthony S. Davis or an accomplice of the said Anthony S. Davis was present, with purpose to commit in the structure or in the separately secured occupied portion of the structure, a criminal offense[.]
Although the indictment tracks the language of the statute, appellant argues that his indictment was defective because it failed to specify the "criminal offense" that he allegedly intended to commit.
 {¶ 22} Appellant did not object to the sufficiency of his indictment before trial or at trial and has now raised such an issue for the first time before this court. Crim.R. 12(B)(2) requires that objections to an indictment be brought before trial. Where an appellant has not objected to an allegedly flawed indictment before trial, the appellant waives any argument other than plain error concerning the validity of the indictment.State v. Frazier (1995), 73 Ohio St.3d 323, 332. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, the Ohio Supreme Court has stated that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Upon review, we find no plain error.
 {¶ 23} Although appellant argues that a burglary indictment must identify the criminal offense the defendant allegedly intended to commit, the Ohio Supreme Court has rejected a similar argument. See State v. Foust, 105 Ohio St.3d 137,2004-Ohio-7006. As relevant here, Foust involved an indictment for aggravated burglary under R.C. 2911.11(A), which provides, in part, as follows:
No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *.
Like burglary under R.C. 2911.12, aggravated burglary under R.C. 2911.11 requires a "purpose to commit * * * any criminal offense[.]" In Foust, the Supreme Court held that an aggravated burglary indictment, which tracked the statutory elements of the offense, did not need to allege the particular criminal offense that the defendant intended to commit. Foust at ¶ 31.
 {¶ 24} We reach the same determination with respect to an indictment for burglary under R.C. 2911.12(A)(1). Appellant's indictment for burglary tracks the statutory elements of the burglary offense, as set forth in R.C. 2911.12(A)(1), and need not have designated the particular criminal offense appellant allegedly intended to commit. The Eighth District Court of Appeals has held that it is "well settled" that an indictment for burglary is not improper if it does not designate the specific underlying offense the defendant intended to commit. State v.Grant, Cuyahoga App. No. 86220, 2006-Ohio-177, at ¶ 28. Accordingly, appellant's indictment for burglary was not improper, his fourth proposed assignment of error is not well-taken, and appellate counsel was not deficient in failing to raise an argument based on the insufficiency of the indictment.
 {¶ 25} Based on the foregoing, appellant's proposed assignments of error are not well-taken, and we conclude that appellant has failed to meet his burden to demonstrate that there is a genuine issue as to whether he was deprived effective assistance of appellate counsel. Consequently, we deny appellant's application to reopen.
Application to reopen denied.
Klatt, P.J., and Sadler, J., concur.
[1] To the extent that appellant does contend that R.C.2911.12(A)(1) is, itself, unconstitutional, we reject his contention. While "purpose to commit * * * any criminal offense" is an essential element of burglary, R.C. 2911.12(A)(1) does not require that an underlying criminal offense actually be committed. See State v. Castell (Aug. 20, 1992), Cuyahoga App. No. 61352 (addressing R.C. 2911.11, the aggravated burglary statute). Therefore, contrary to appellant's assertion, R.C.2911.12 sufficiently sets forth every element of the offense of burglary.