DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Wendy McDevitt and Robert Walker, appeal the decisions of the Lorain County Court of Common Pleas, which found them guilty of assault and burglary. This Court affirms.
 I. {¶ 2} Appellant McDevitt was married to Tom Schrader in 1997. The two had a son together named Cole. McDevitt and Schrader were divorced in 1999, and after being estranged from his son for some time, visitation resumed between Schrader and his son. *Page 2 
 {¶ 3} Cole was to visit with his father from December 20-24, 2004. On December 21, 2004, when McDevitt was unable to reach her son via the telephone, McDevitt and her fiance, appellant Walker went to Schrader's home. When McDevitt and Walker arrived at Schrader's home, an argument ensued over whether McDevitt should be allowed to see Cole. When Schrader would not let McDevitt in the house to see her son, Walker put his hand in the door jamb to prevent Schrader from shutting the door. McDevitt threatened to call 9-1-1 if Schrader did not let her speak with her son in accordance with the court order. At that point the argument escalated into a physical confrontation between Schrader and Walker. During the confrontation between Walker and Schrader, McDevitt entered the house and went upstairs to find her son. Schrader's wife attempted to stop McDevitt and the two women struggled. Eventually, McDevitt freed herself, found her son and removed him from the home.
 {¶ 4} On May 4, 2005, appellant Walker was indicted by the Lorain County Grand Jury on one count of felonious assault, a violation of R.C.2903.11(A)(1) and one count of burglary, a violation of R.C.2911.12(A)(3). On May 11, 2005, appellant McDevitt was indicted by the Lorain County Grand Jury for two counts of assault, in violation of R.C.2903.13(A); one count of endangering children, in violation of R.C.2919.22(A); and one count of burglary, in violation of R.C.2911.12(A)(3). *Page 3 
 {¶ 5} The two cases were consolidated, both appellants waived their right to a jury trial, and a bench trial on the matter commenced on June 15, 2006. Counsel for both appellants moved for judgment of acquittal at the close of the State's case-in-chief. The motions were renewed at the close of appellants' case and after the verdicts were read. All motions for acquittal were denied. Walker was found guilty of one count of assault and one count of burglary and sentenced to three years of community control. McDevitt was found guilty of two counts of assault and one count of burglary and sentenced to three years of community control.
 {¶ 6} Each appellant timely appealed their burglary conviction, asserting that their respective indictments were fatally defective for failure to charge a predicate offense. Finding that these appeals arose out of the same set of facts and involved the same assignment of error, this Court consolidated the two appeals.
 II. APPELLANT MCDEVITT'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN CONVICTING WENDY MCDEVITT ON COUNT FOUR OF THE INDICTMENT (BURGLARY, R.C. 2911.12(A)(3)), WHEN SAID COUNT WAS FATALLY DEFECTIVE FOR FAILURE TO CHARGE A PREDICATE OFFENSE."
 APPELLANT WALKER'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN CONVICTING ROBERT WALKER ON COUNT TWO OF THE INDICTMENT *Page 4 
(BURGLARY, R.C. 2911.12(A)(3)), WHEN SAID COUNT WAS FATALLY DEFECTIVE FOR FAILURE TO CHARGE A PREDICATE OFFENSE."
 {¶ 7} In their assignments of error, appellants argue that the indictments under which they were charged were defective. Specifically, appellants contend that the trial court should have dismissed the burglary charges because the indictments did not specify what underlying offense appellants intended to commit. This Court disagrees.
 {¶ 8} Appellants argue that a burglary indictment must identify the criminal offense the defendant allegedly intended to commit. The Supreme Court of Ohio, however, has rejected a similar argument. See State v.Foust, 105 Ohio St.3d 137, 2004-Ohio-7006. As relevant in the present matter, Foust involved an indictment for aggravated burglary under R.C.2911.11(A), which provides, in pertinent part:
 "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *."
Like burglary under R.C. 2911.12, aggravated burglary under R.C.2911.11 requires a "purpose to commit * * * any criminal offense[.]" InFoust, the Supreme Court held that an aggravated burglary indictment, which tracked the statutory elements of the offense, did not need to allege the particular criminal offense that the defendant intended to commit. Foust at ¶ 3 1. *Page 5 
 {¶ 9} This Court reaches the same conclusion with respect to an indictment for burglary under R.C. 2911.12(A)(3), which provides: "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense[.]" Appellants' indictments for burglary follow the statutory elements of the burglary offense, as set forth in R.C. 2911.12(A)(3), and need not have designated the particular criminal offense appellants allegedly intended to commit. The Eighth District Court of Appeals has held that it is "well settled that an indictment for burglary is not improper if it does not designate the specific underlying felony intended to be committed." State v. Grant, 8th Dist. No. 86220, 2006-Ohio-177, at ¶ 28. Accordingly, appellants' indictments for burglary were not defective, and appellants' assignments of error are not well-taken.
 III. {¶ 10} Based on the foregoing, appellants' proposed assignments of error are overruled. The decisions of the Lorain County Court of Common Pleas are affirmed.
Judgments affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
 MOORE, J., DICKINSON, J., CONCUR *Page 1