DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Erie County Court of Common Pleas, wherein appellant, Charles A. Woyan, was found guilty of aggravated burglary with a firearm specification, a violation of R.C. 2911.11(A)(2) and a felony of the first degree. The trial court sentenced appellant to four years in prison on the charge of aggravated robbery and a mandatory three years in prison on the firearm *Page 2 
specification, with the sentences to be served consecutively. Appellant appeals his conviction and alleges that the following errors occurred in the proceedings below:
 {¶ 2} "I. Appellant was wrongfully tried and convicted on the single-count indictment (Aggravated Burglary, R.C. 2911.11(A)(2)) [sic] when said count was constitutionally defective for failure to charge a predicate offense.
 {¶ 3} "II. The conviction for [Aggravated] Burglary, R.C.2911.11(A)(2) was against the manifest weight of the evidence."
 {¶ 4} The facts relevant to our determination of appellant's assignments of error are as follows.
 {¶ 5} Larry Gahimer and appellant became friends approximately 18 years prior to trial. Gahimer introduced appellant to his future wife, Connie, who Gahimer used to date. Three or four years after appellant and Connie were married, they moved out-of-state. Appellant later separated from his wife and returned to Erie County where he first resided with his brother. The brothers, however, had a "fallout," and Gahimer agreed to let appellant live in his home.
 {¶ 6} Subsequently, appellant asked Gahimer whether his wife (Connie) and their two daughters could also live with Gahimer. The latter agreed to this arrangement, and appellant and his family stayed with Gahimer for approximately five months. During that period Gahimer supported appellant's family. Gahimer, however, learned that appellant was receiving $900 per month in unemployment. Therefore, he told appellant that he expected him to pay half of any future household expenses. Appellant became angry and *Page 3 
moved out of the residence, leaving his wife and children. A few days later, Connie and the children moved to her brother's home.
 {¶ 7} On June 30, 2005, two of Gahimer's friends, Dave Lee and Dave Meyer, spent the evening playing cards at Gahimer's house. At approximately 2:00 a.m. to 3:00 a.m., Lee heard the garage overhead door open. He got up from the kitchen table and opened the inside door to the garage. Gahimer and Meyers did not hear the garage door open and remained seated at the kitchen table looking at a drawing that Lee had made. Lee saw appellant standing in the garage at the kitchen door holding a gun down to his side. When appellant started to lift the gun, Lee grabbed the barrel, and the two began to struggle. Eventually, appellant was able to point the gun up in the air. At that point, Gahimer rushed into the garage and the three men began wrestling. Gahimer admitted that during the struggle, appellant said that he came to get his photograph album, but he (Gahimer) replied that appellant did not need a gun "to get a photo album." Lee butted appellant in the head, while Gahimer squeezed appellant's wrist. Appellant finally let go of the gun. Lee took the gun to the bathroom, removed the bullets, hid the gun, and took the bullets to Gahimer, who threw them in a trash can.
 {¶ 8} In the meantime, per Gahimer's shouted instructions, Meyers called the police. Meyers then went outside and sat on a stump. After Meyers went outside, Gahimer had second thoughts and decided that if appellant was arrested, appellant might decide to retaliate against him. Therefore, Gahimer told the police that either appellant or *Page 4 
Lee saw someone with a gun walking down Gahimer's driveway. The police searched the area, but did not find anyone but Meyers.
 {¶ 9} During their search, the police suspected that the story that Gahimer told them was not the truth. When Meyers entered the house, he pointed to appellant and stated that he was the man with a gun. Gahimer and Lee then told the officers the truth as to what had occurred that morning. A search of appellant's truck revealed more guns and an ammunition case.
 {¶ 10} In his Assignment of Error No. I, appellant contends that the trial court lacked subject matter jurisdiction over this cause because the indictment was defective. In particular, appellant contends that the indictment fails to set forth the predicate offense underlying the aggravated burglary charge, thereby rendering the indictment constitutionally defective for failure to inform him of the charge against him and preventing him from preparing a defense. Appellant admits, however, that his appointed trial counsel failed to object to the indictment prior to trial. See Crim.R. 12(C)(2). Therefore, appellant asserts that his counsel was ineffective due to this failure to object.
 {¶ 11} In Strickland v. Washington (1984), 466 U.S. 668, 687, the United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, he must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient *Page 5 
performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160,174.
 {¶ 12} In State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, the Supreme Court of Ohio rejected the argument raised by appellant.Foust involved, among other things, an indictment for aggravated burglary under R.C. 2911.11(A). Id., ¶ 3. R.C. 2911.11(A) provides, in relevant part:
 {¶ 13} "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *." (Emphasis added.)
 {¶ 14} The Foust court determined that an indictment which tracked the statutory elements of aggravated burglary did not need to allege the particular criminal offense that a defendant intended to commit. Id. at ¶ 31. (Citations omitted.) Accord, State v. McDevitt, 9th Dist. Nos. 06CA009016, 06CA009017, 2007-Ohio-4349, 9 (applying the rule inFoust to a charge of burglary); State v. Davis, 10th Dist. No. 05AP-193,2006-Ohio-193, ¶ 23 (applying the rule in Foust to a charge of burglary). *Page 6 
 {¶ 15} Moreover, the predicate offense in this cause is assault. "Assault" is defined, in material part, as: "No person shall knowingly cause or attempt to cause physical harm to another * * *." See R.C.2903.13(A). A person acts "knowingly" when "regardless of his purpose, * * * he is aware that this conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). The Bill of Particulars requested by appellant and provided by appellee, the state of Ohio, reads, in part:
 {¶ 16} "10. That on June 30, 2005, Larry [Gahimer], David Meyers, and David Lee were at Larry's residence.
 {¶ 17} "11. That defendant came to Larry's house.
 {¶ 18} "12. That defendant opened the garage door and entered the garage.
 {¶ 19} "13. That Lee opened the garage door from inside the home leading to the garage and defendant was in the garage.
 {¶ 20} "14. That defendant was holding a .44 caliber Rueger.
 {¶ 21} "15. That Lee struggled with defendant for the gun.
 {¶ 22} "16. That Larry * * * came to assist Lee.
 {¶ 23} "* * *
 {¶ 24} "19. That Larry and Lee were able to take defendant to the ground and talk defendant into giving up the gun."
 {¶ 25} Based upon the foregoing listed facts, we conclude that appellant was notified of the predicate offense of assault. In particular, despite appellant's purported *Page 7 
purpose, obtaining photographs, he was aware of the fact that entering Gahimer's home, without Gahimer's permission and carrying a loaded gun, would probably lead to a confrontation and physical harm or attempted physical harm to the occupant(s).
 {¶ 26} For these reasons, appellant's ineffective assistance of counsel claim lacks merit. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 27} Appellant's Assignment of Error No. II alleges that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 28} Appellant contends that the judgment against him is against the manifest weight of the evidence because the trial testimony "provides no indication that Mr. Woyan trespassed at 2340 River Avenue (Gahimer's residence) with a purpose to commit a criminal offence." Specifically, appellant points out that he did not know Lee and Lee did not know him; therefore, appellant argues that the struggle over the gun carried by appellant was simply a misunderstanding — a misunderstanding that was settled by the parties involved. He also argues that everyone knew that the only reason he came to Gahimer's home was to retrieve his photo album. In essence, appellant maintains that appellee failed to prove, beyond a reasonable doubt, the predicate offense of assault.
 {¶ 29} In determining whether a verdict is against the manifest weight of the evidence, this court sits as a "thirteenth juror." State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. In resolving conflicts in the evidence, we must determine whether the finder of fact "`clearly lost its way and created *Page 8 
such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. However, this court must keep in mind that it is the trier of fact's duty to determine the credibility of a witness; accordingly, our ability to consider credibility is limited. State v.Reynolds, 10th Dist. No. 3692, 2004-Ohio-3692, at ¶ 13 (citation omitted).
 {¶ 30} In the present case, it is undisputed that appellant trespassed on Gahimer's property carrying a gun and engaged in a struggle over that gun with both Lee and Gahimer. Thus, appellant knowingly caused or attempted to cause physical harm to both Lee and Gahimer. Therefore, the predicate offense of assault was proven beyond a reasonable doubt, and appellant's Assignment of Error II is found not well-taken.
 {¶ 31} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 9 
Peter M. Handwork, J., Arlene Singer, J., and Thomas J. Osowik, J., concur. *Page 1