[Cite as *State v. Williams*, 2012-Ohio-3417.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA010026 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MAURICE L. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 11CR080661 |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Maurice Williams, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2} On April 14, 2010, the police responded to an emergency call of a woman who reported that her boyfriend had doused her in kerosene and was attempting to set her on fire. The police encountered Williams at the front of the residence when they arrived. Williams was taken into custody while the officers investigated. Shortly thereafter, he was placed under arrest. Williams was indicted on (1) attempted murder in violation of R.C. 2923.02(A)/2903.02(A), a felony of the first degree, (2) two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, (3) attempted aggravated arson in violation of R.C. 2923.02(A)/2909.02(A)(1), a felony of the second degree, (4) domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and (5) attempted aggravated arson in violation of

R.C. 2923.02(A)/2903.02(A)(2), a felony of the third degree. At no time did Williams waive his right to a speedy trial.

{¶3} A trial was set for July 12, 2010. On July 9, 2010, defense counsel filed a motion to change Williams' plea to not guilty by reason of insanity. After a hearing, the court granted the motion and evaluations were ordered. On November 22, 2010, Williams filed a pro se motion requesting to withdraw his insanity plea and proceed to trial. The court conducted a hearing on December 17, 2010, and granted defense counsel's oral motion to withdraw the insanity plea and schedule the case for trial. During this hearing, it was agreed that Williams' time to be brought to trial would expire the following week. The court found, however, that because a trial could not be completed prior to the court closing for the holidays, a reasonable continuance was necessary. The court scheduled the trial to begin on January 12, 2011.

{¶4} On December 29, 2010, defense counsel filed a motion to withdraw. The court conducted a hearing on January 4, 2011, and denied counsel's motion. Defense counsel then made a formal request for discovery, tolling Williams' speedy trial time. Counsel noted that while this was not what Williams wanted, discovery was in his best interest. The trial was reset for February 28, 2011.

{¶5} Prior to the trial date, Williams filed two pro se motions to dismiss his case for a violation of his right to a speedy trial. The court denied both motions. On the date set for trial, Williams entered a plea of no contest and the court found him guilty on all counts. Approximately one week later, Williams filed a pro se motion to withdraw his no contest plea and requested new counsel be appointed. The court conducted a hearing to consider Williams' request for new counsel. Ultimately, the court denied Williams' request and informed him that

any motion to withdraw his plea should be filed by counsel and would be considered by the court at that time. No further motions were filed.

{¶6} Williams was sentenced to nine years for attempted murder and three consecutive years for third degree attempted aggravated arson. The court found the other counts were allied offenses of similar import and merged them with the attempted murder conviction. Williams now appeals from his convictions and raises three assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY NOT VACATING ITS FINDING OF GUILTY AND NOT ALLOWING WILLIAMS [TO] WITHDRAW HIS NO-CONTEST PLEA BEFORE SENTENCING.

{¶7} In his first assignment of error, Williams argues that the court erred when it denied his pro se motion to withdraw his no contest plea. We disagree.

{¶8} "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, paragraph one of the syllabus. Thus, a pro se motion filed by a defendant that is represented by counsel is not properly before the court and need not be considered. *State v. Walters*, 9th Dist. No. 23795, 2008-Ohio-1466, ¶ 19. *See also State v. Brown*, 9th Dist. No. 23759, 2007-Ohio-7028, ¶ 4, fn.1; *State v. Harris*, 6th Dist. H-99-010, 2000 WL 731374, * 2 (June 9, 2000), fn.1.

{¶9} While represented by counsel, Williams filed a pro se motion requesting the court allow him to withdraw his no contest plea and appoint him new counsel. The court held a hearing on Williams' request for a new attorney, but declined to hear his motion to withdraw his

plea. After denying Williams' request for a new attorney, the court explained to Williams that he should "discuss whether or not [his attorney could] file a motion or should file a motion to vacate" his plea. No such motion was filed by Williams' attorney.

{¶10} Williams argues that it was an error for the court to hold a hearing on one pro se motion, while refusing to hear arguments on another. Specifically, Williams argues that because the court held a hearing on his motion to appoint new counsel, the court was required to hold a hearing on his motion to withdraw his plea. We disagree.

> Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable.

*State v. Deal*, 17 Ohio St.2d 17 (1969), syllabus. The duty of the court to inquire only arises "if the allegations are sufficiently specific." *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶68, quoting *State v. Carter*, 128 Ohio App.3d 419, 423 (4th Dist.1998).

{¶11} In his pro se motion requesting the court to appoint him new counsel, Williams alleged that he was misled into believing that a no contest plea was in his best interest. The court held a hearing to provide Williams an opportunity to explain further. Without deciding whether Williams' allegations were sufficiently specific to give rise to the court's duty to inquire, we cannot find error in the court choosing to take the more cautionary path. The court's decision to hold a hearing on Williams' pro se motion for new counsel, however, did not impose a duty on the court to then hold a hearing on any pro se motion filed by Williams, who was represented by counsel. Williams cites no authority for such a proposition and we decline to impose such a duty on the court. App.R. 16(A)(7).

{¶12} Because Williams was represented by counsel, his motion to withdraw his plea was not properly before the court and the court was not required to give it consideration. *See Walters*, 2008-Ohio-1466, at ¶ 19. Accordingly, Williams' first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ERRED BY NOT APPOINTING NEW COUNSEL WHEN IT BECAME CLEAR THAT THE ATTORNEY-CLIENT RELATIONSHIP BETWEEN WILLIAMS AND HIS COURT-APPOINTED ATTORNEY HAD BROKE (sic) DOWN.

{¶13} In his second assignment of error, Williams argues that the court erred when it declined to appoint him new counsel. We disagree.

{¶14} "[A]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Murphy*, 91 Ohio St.3d 516, 523 (2001), quoting *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir.1990). A trial judge may deny a defendant's request for new counsel if the request is unreasonable. *Murphy* at 523. "In evaluating a request for substitute counsel, the court must balance 'the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice.'" (Alteration sic.) *Id.*, quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996).

{¶15} To prevail on an appeal of a court's denial of a motion to appoint new counsel, the defendant must show that he or she was prejudiced by the court's denial. *State v. Charley*, 9th Dist. No. 01CA007813, 2002 WL 701932, * 1 (Apr. 24, 2002). With this in mind, a court's decision to deny a defendant's request to have new counsel appointed is reviewed under an abuse of discretion standard. *Id.* An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} There is evidence throughout the record that the relationship between Williams and his attorney was strained. However, the record does not support the conclusion that there was a complete breakdown in communication. The crux of the tension appears to be Williams' desire to be brought to trial as quickly as possible and counsel's desire to provide an adequate defense.

{¶17} In January 2011, the court conducted a hearing on defense counsel's motion to withdraw. After the court denied the motion, counsel made a formal discovery request and acknowledged that this would toll Williams' speedy trial time. Counsel noted that while Williams had expressed that he did not want his time tolled, counsel felt that conducting discovery was in Williams' best interest. The court agreed, "I'm trying to look out for your best interests as is your attorney, and sometimes [] you have competing interests butting heads, the right to speedy trial versus the time it takes to be properly prepared." The court did not find that there was a complete breakdown in communication. Instead, the court held that appointing new counsel would only delay the case further, and would not be in Williams' best interest.

{¶18} In February 2011, Williams entered a plea of no contest and the court found him guilty on all counts. A week later, Williams wrote a letter to the court requesting it appoint him new counsel and permit him to withdraw his plea. The court held a hearing on Williams' motion for new counsel. Williams offered two reasons why he wanted his attorney to withdraw from his case and have new counsel appointed. First, Williams argued that his attorney entered his plea of not guilty by reason of insanity without his consent. Second, Williams argued that his attorney misled him into believing that the no contest plea was in his best interest.

Plea of Not Guilty by Reason of Insanity

**{¶19}** Williams argued that his attorney entered a plea of not guilty by reason of insanity even after he told his attorney he did not want to enter such a plea. The court conducted a hearing on defense counsel's motion to enter a plea of not guilty by reason of insanity. At the hearing, defense counsel informed the court that Williams had initially disagreed with entering the plea of insanity, but had since come to understand that it was necessary to explore the possibility of such a defense. Williams did not voice an objection to the plea of insanity during the hearing. The court confirmed that Williams understood this plea would cause a delay.

> THE COURT: Mr. Williams, is it your request as well that you would like to be, have an examination to explore this change in plea?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: Okay. And you understand that this will take some time to be able to accomplish. We'll try to have it done as soon as possible, but I can't guarantee if it's going to be a week, two weeks or three weeks, or whatever it might be, we will certainly try to do our very best in preserving and honoring your speedy trial rights, but at this point the time will be tolled * * *.

**{¶20}** On November 22, 2010, Williams wrote a letter to the court requesting to withdraw his plea of not guilty by reason of insanity so that he could proceed to trial. The court held a hearing on December 17, 2010, at which time defense counsel orally moved the court to withdraw the plea of insanity and to set the matter for trial. The motion was granted.

**{¶21}** Williams does not allege that a complete breakdown in communication with his attorney resulted in the plea of insanity against his wishes. On the contrary, the record shows that Williams requested that the court accept his change in plea.

Plea of No Contest

**{¶22}** Williams further argued that he should have new counsel appointed because his attorney led him to believe that a no contest plea was in his best interest. Williams does not

elaborate except to say that his no contest plea "just made [him] guilty of all charges" and that he wanted to go to trial. Williams offers no explanation as to why a no contest plea was not in his best interest. Further, Williams does not allege a complete breakdown in communications with his attorney nor does he offer specific facts that would support such a finding.

{¶23} After reviewing the record, we cannot conclude the court abused its discretion in refusing to appoint Williams new counsel. Accordingly, Williams' second assignment of error is overruled.

Assignment of Error Number Three

> THE CASE AT BAR SHOULD BE DISMISSED AS THE CASE HAD BEEN ONGOING FOR MORE THAN NINETY DAYS AND THEREFORE WILLIAMS' TIME LIMIT FOR SPEEDY TRIAL HAD EXPIRED.

{¶24} In his third assignment of error, Williams argues that his convictions should be vacated because the State failed to prove that his speedy trial rights were not violated. We disagree.

{¶25} "The Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial." *State v. Armstrong*, 9th Dist. No. 03CA0064-M, 2004-Ohio-726, ¶ 5, citing *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). A person charged with a felony must be brought to trial within 270 days of his or her arrest and each day a defendant is held in jail in lieu of bail will be counted as three days. R.C. 2945.71(C)(2); R.C. 2945.71(E). The defendant's speedy trial clock begins to run on the day after arrest or service of summons. *State v. Szorady*, 9th Dist. No. 02CA008159, 2003-Ohio-2716, ¶ 12. A trial court has the discretion to extend the time a defendant may be brought to trial, provided the continuance is reasonable. *State v. Davis*, 46 Ohio St.2d 444 (1976), syllabus; R.C. 2945.72(H); *State v. McBreen*, 54 Ohio St.2d 315, 318

(1978). We review a court's decision to extend the time for trial under an abuse of discretion standard. *State v. Perry*, 2d Dist. No. 24735, 2012-Ohio-1856, ¶ 30. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

**{¶26}** Williams was arrested on April 14, 2010. Therefore, his speedy trial time began to run on April 15, 2010. On July 9, 2010, Williams filed a motion to enter a plea of not guilty by reason of insanity, which tolled his time at 86 days. At a hearing on December 17, 2010, the court granted Williams' motion to withdraw his insanity plea and to proceed to trial. Defense counsel, the State's attorney, and the judge all noted Williams' time to be brought to trial would expire the following week. The court found that a trial could not be completed before the court closed for the holidays, and therefore, it would be in everyone's best interest to delay the start of the trial until after the new year. The court stated that "given the fact that this is now just before the Court's going to be closed for the holiday, the Court finds that a January 12th date would be reasonable and not be violative of the defendant's speedy trial rights, I think that would be the most efficient time to try to get this case resolved."

**{¶27}** On December 29, 2010, defense counsel filed a motion to withdraw, tolling Williams' speedy trial time. The court denied counsel's motion after a hearing on January 4, 2011. At that same hearing, counsel orally moved for discovery which continued the tolling of Williams' time. His speedy trial time was still tolled when he entered his plea of no contest.

**{¶28}** Because the court's continuance beyond Williams' statutory time to be brought to trial was reasonable, we conclude the court did not abuse its discretion. Williams' third assignment of error is overruled.

III

{¶29} Williams' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.