[Cite as *State v. Castagnola*, 2018-Ohio-1604.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. Nos. | 28621 |
|---|---|---|---|
| | | | 28672 |
| Appellee | | | 28702 |
| | | | |
| v. | | | |
| | | | |
| NICHOLAS J. CASTAGNOLA | | APPEAL FROM JUDGMENT | |
| | | ENTERED IN THE | |
| Appellant | | COURT OF COMMON PLEAS | |
| | | COUNTY OF SUMMIT, OHIO | |
| | | CASE Nos. | CR-2010-08-2244 |
| | | | CR-2010-07-1951-B |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2018

CALLAHAN, Judge.

{¶1} Appellant, Nicholas Castagnola, filed three appeals arising from three journal entries in the Summit County Court of Common Pleas which denied his motion for return of seized property in two separate cases.[1] Having consolidated the appeals, this Court affirms in part and vacates in part.

I.

{¶2} Following the disposition of two separate criminal cases, Mr. Castagnola sought the return of two computers and their accessories, a cell phone, and a GPS obtained by a search

---

[1] Case No. 28621 – Appeal of the March 28, 2017 journal entry denying the motion in Case No. CR-2010-08-2244, "the pandering case."
Case No. 28672 – Appeal of the May 12, 2017 nunc pro tunc journal entry denying the motion in Case No. CR-2010-07-1951(B), "the retaliation case."
Case No. 28702 – Appeal of the June 13, 2017 journal entry denying the motion in Case No. CR-2010-07-1951(B), the retaliation case.

warrant in the retaliation case. Additionally, Mr. Castagnola sought the return of his vehicle which was seized pursuant to his arrest in the retaliation case.

{¶3} This Court previously summarized the procedural history of the underlying criminal cases as follows:

> A grand jury indicted Mr. Castagnola in two separate cases. In Case No. 2010-07-1951(B) ("the retaliation case"), Mr. Castagnola was indicted on counts of criminal damaging, vandalism, criminal trespass, possession of criminal tools, two counts of retaliation, and multiple forfeiture specifications. In Case No. 2010-08-2244 ("the pandering case"), Mr. Castagnola was indicted on ten counts of pandering sexually oriented matter involving a minor. Mr. Castagnola filed a motion to suppress in both cases, challenging the warrant the police relied upon to seize the computer from his home. The trial court held a suppression hearing and ultimately denied the motion. Subsequently, a jury trial took place in the retaliation case. The jury found Mr. Castagnola guilty on all counts, but did not find that his property was subject to forfeiture. The pandering case then was tried to the bench, and the judge found Mr. Castagnola guilty on all counts.

*State v. Castagnola*, 9th Dist. Summit Nos. 26185 and 26186, 2013-Ohio-1215, ¶ 5. This Court affirmed the trial court's denial of the motion to suppress in both the pandering case and the retaliation case. *Id*. at ¶ 5, 19, 35. The Supreme Court reversed this Court's decision, finding the search warrant to be invalid and suppressing the evidence obtained in executing the warrant. *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 1, 108.

{¶4} Upon remand to the trial court, the convictions in the pandering case were vacated and that case was dismissed. Similarly, the convictions in the retaliation case were also vacated. A year later, Mr. Castagnola pled guilty to one count of retaliation while the remaining charges in the retaliation case, including the forfeiture specifications, were dismissed.

{¶5} On September 30, 2016, Mr. Castagnola filed an application to reopen his appeal of the retaliation case. This Court denied the motion to reopen the appeal as well as the subsequent motion for reconsideration, motion to certify a conflict, motion for en banc

consideration, and motion for an evidentiary hearing. On February 6, 2017, Mr. Castagnola filed an appeal to the Ohio Supreme Court, which declined jurisdiction on April 19, 2017.

{¶6} On December 8, 2016, Mr. Castagnola filed a pro se motion for return of seized property which listed the case numbers for both the pandering case and the retaliation case in the caption. A week earlier, on November 30, 2016, Mr. Castagnola's counsel filed a motion to seal in the pandering case. The trial court set the motion to seal the pandering case for a hearing. However, the trial court did not schedule a hearing on the pro se motion for return of seized property in either case.

{¶7} On March 22, 2017, the trial court convened the sealing hearing in the pandering case. After hearing arguments from counsel for both sides, the sealing hearing was continued for additional briefing. The trial court then said, "I want to now address this motion for the seized property. That motion was filed on December 8th pro se. Attorney James, are you going to speak on that motion on behalf of your client?"

{¶8} Despite the court's recognition that the motion was pro se and counsel's subsequent acknowledgement that he did not represent Mr. Castagnola on the motion for return of seized property in either case, counsel proceeded to address the motion without objection from Mr. Castagnola. The trial court determined that it was "divested of the ability to consider these matters" because of the appeal pending in the Ohio Supreme Court.

{¶9} On March 28, 2017, the trial court filed a journal entry in the pandering case which 1) denied the motion for return of seized property, and 2) continued the hearing on the motion to seal and set a schedule for further briefing on that motion. On May 12, 2017, the trial court filed a journal entry in the retaliation case, calling it a nunc pro tunc order to correct the entry filed on March 28, 2017. The nunc pro tunc journal entry deleted the reference to the

sealing motion and denied the motion for return of seized property. On June 13, 2017, the trial court filed a journal entry in the retaliation case denying the motion for return of seized property. Mr. Castagnola timely filed separate appeals from each of these journal entries.

{¶10} On June 6, 2017, Mr. Castagnola filed a pro se renewed motion for return of seized property in the retaliation case only. The trial court did not rule on this motion and it remains pending.

{¶11} Mr. Castagnola asserts two assignments of error. For ease of discussion, this Court will review the assignments of error together.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [MR.] CASTAGNOLA'S MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT VIOLATED [MR.] CASTAGNOLA'S CONSTITUTIONAL DUE PROCESS RIGHT TO BE HEARD BY NOT ALLOWING HIM ANY OPPORTUNITY TO SPEAK DURING HIS HEARING ON HIS PRO SE MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY, AND THEREAFTER SUMMARILY DENYING HIS RENEWED MOTION WITHOUT A HEARING.

{¶12} Mr. Castagnola argues that the trial court erred in denying his December 8, 2016 motion for return of seized property and violated his due process rights when it did not permit him to speak at the hearing on his pro se motion. Additionally, Mr. Castagnola contends that the trial court violated his due process rights when it denied his renewed motion for return of seized property without a hearing. This Court will address these arguments separately as they relate to the pandering case and the retaliation case.

**The Pandering Case:  Motion for Return of Seized Property and Hearing**

{¶13}  Mr. Castagnola contends that the trial court erred in denying his motion for return of seized property and denied his due process rights by not permitting him to speak during the hearing on the motion.  As it pertains to the pandering case, these arguments ignore the fact that Mr. Castagnola filed his pro se motion for return of seized property while he was represented by counsel.

{¶14}  The Ohio Supreme Court has prohibited hybrid representation; that is a combination of pro se representation along with the assistance of counsel. *State v. Thompson*, 33 Ohio St.3d 1, 6-7 (1987); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, paragraph one of the syllabus ("In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously.").  A defendant who is represented by counsel and does not move the court to proceed pro se may not "act as co-counsel on his own behalf." *Thompson* at 6-7.  Because a defendant does not have a right to hybrid representation, a trial court may not entertain pro se motions filed while a defendant is represented by counsel. *See State v. Williams*, 9th Dist. Lorain No. 11CA010026, 2012-Ohio-3417, ¶ 12; *State v. Rice*, 9th Dist. Medina No. 08CA0054-M, 2009-Ohio-5419, ¶ 8; *State v. Walters*, 9th Dist. Summit No. 23795, 2008-Ohio-1466, ¶ 19; *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 4, fn. 1.  As described below, the record reflects that the conduct of Mr. Castagnola created an impermissible hybrid representation.

{¶15}  The pandering case was dismissed in July 2015.  Sixteen months later, on November 30, 2016, Attorney James filed a notice of appearance indicating that he was appearing "as counsel of record for [Mr.] Castagnola, in the above-captioned case."  On that

same day, Attorney James filed a motion for sealing on behalf of Mr. Castagnola in the pandering case. A week later, on December 8, 2016, Mr. Castagnola filed his pro se motion for return of seized property in the pandering case.

{¶16} At the March 22, 2017 hearing on the sealing motion, Attorney James indicated to the trial court that his representation of Mr. Castagnola in the pandering case was limited to the motion for sealing. However, counsel's statement is not supported by the record. The notice of appearance was general as to the scope of the representation and did not contain any language limiting the scope of representation to the sealing motion.

{¶17} Upon the trial court's inquiry with counsel as to whether he was "going to speak on [the] motion [for return of seized property] on behalf of [Mr. Castagnola]," counsel responded, "I can, Your Honor. I mean, he's here in the courtroom and he retained me on the other matter, but it's very simple." At the trial court's behest, counsel discussed the procedural history of the cases giving rise to the filing of the pro se motion for return of seized property, but did not assert any legal arguments in support of the motion. Counsel reiterated for a second time that his representation was limited to the motion to seal the pandering case and stressed that "[Mr. Castagnola], on his own, filed a motion to return the property." "[W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record." *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶18} Further, rather than objecting to his counsel's statements to the court, Mr. Castagnola proceeded to correct counsel as to certain facts and then attempted to supplement counsel's statements regarding the motion for return of seized property. In effect, Mr. Castagnola

was acting as co-counsel. *Contra Thompson*, 33 Ohio St.3d at 6-7 (a defendant does not have the "right to act as co-counsel on his own behalf").

{¶19} In light of the specific facts of this case, Mr. Castagnola's pro se motion in the pandering case was not properly before the trial court. As such, the trial court should not have considered the pro se motion, nor was it required to conduct a hearing or hear directly from Mr. Castagnola. *See Williams*, 2012-Ohio-3417, at ¶ 11-12; *Rice,* 2009-Ohio-5419, at ¶ 8; *Walters*, 2008-Ohio-1466, at ¶ 19; *Brown*, 2007-Ohio-7028, at ¶ 4, fn. 1. *See also Turner v. McGinty*, 8th Dist. Cuyahoga No. 102074, 2015-Ohio-529, ¶ 3-4 (defendant was not entitled to rulings on pro se motions filed while represented); *State v. Davis*, 8th Dist. Cuyahoga No. 105129, 2017-Ohio-8479, ¶ 21; *Davis*, 2006-Ohio-5039, at ¶ 12. Just as the trial court should not have considered Mr. Castagnola's pro se motion in the pandering case, neither will this Court.

{¶20} The first assignment of error as it relates to the March 28, 2017 journal entry in the pandering case is overruled. Additionally, the second assignment of error as it pertains to Mr. Castagnola's argument that the trial court violated his due process right by denying him the opportunity to speak during the motion hearing as to his pro se motion filed in the pandering case is overruled.

**The Retaliation Case: Motion for Return of Seized Property and Hearing**

{¶21} As to the retaliation case, Mr. Castagnola asserts the same arguments regarding the denial of his motion for return of seized property and the violation of his due process rights at the hearing. Unlike the pandering case, Mr. Castagnola was not represented by counsel at the time that he filed his pro se motion for return of seized property in the retaliation case. Thus, the pro se motion was properly before the trial court for consideration. The trial court entered two

journal entries, May 12, 2017 and June 13, 2017, denying the motion for return of seized property in the retaliation case. Mr. Castagnola separately appealed both journal entries.

## May 12, 2017 Journal Entry

{¶22} As an initial matter, this Court must determine whether the May 12, 2017 nunc pro tunc journal entry filed in the retaliation case is valid. *See State v. Hayes*, 9th Dist. Medina No. 3175-M, 2002 Ohio App. LEXIS 620, *2 (Feb. 20, 2002). The trial court must "possess the power to resort to a nunc pro tunc entry[.]" (Emphasis deleted.) *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113 (1937). A "trial court [can]not issue a nunc pro tunc journal entry for a non-existent order." (Emphasis deleted.) *Hayes* at *5.

{¶23} The May 12, 2017 nunc pro tunc journal entry filed in the retaliation case stated that it was being filed "to correct the [j]ournal [e]ntry * * * filed [on] March 28, 2017." The March 28, 2017 judgment entry denied Mr. Castagnola's motion for return of seized property in the pandering case. However, a review of the docket in the retaliation case does not reflect any journal entry filed or any action taken in that case on March 28, 2017. *See Kohn* at 113-114. Because there was no existing order in the retaliation case, the trial court did not "possess the power to resort to a nunc pro tunc entry." (Emphasis deleted.) *Id*. at 113; *see Hayes* at *5.

{¶24} The May 12, 2017 nunc pro tunc journal entry is hereby vacated as invalid. *See Hayes* at *5.

## June 13, 2017 Journal Entry

{¶25} Similarly, this Court must also determine whether it has jurisdiction over the June 13, 2017 journal entry. An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. A notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment, or decree which is sought to be reviewed. *See State ex rel. Special Prosecutors*

*v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978); *Majnaric v. Majnaric*, 46 Ohio App.2d 157, 158 (9th Dist.1975). The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed. *State ex rel. Special Prosecutors* at 97. When a trial court takes action after it has lost jurisdiction due to a pending appeal, that action is a nullity and is void. *See Ormandy v. Dudzinsky*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11. This Court has inherent authority to vacate such a void judgment. *See id*.

**{¶26}** On appeal, the parties focused on the trial court's jurisdiction in relation to the status of Mr. Castagnola's appeal to the Ohio Supreme Court. This, however, was not the correct appeal from which to analyze the question of jurisdiction.

**{¶27}** "The rule is well established in this state that a court of record speaks only through its journal and not by oral pronouncement." *Schenley v. Kauth*, 160 Ohio St. 109, 111 (1953). Further, the journal entry "is effective only when it has been journalized." *San Filipo v. San Filipo*, 81 Ohio App.3d 111, 112 (9th Dist.1991). During the March 22, 2017 hearing, the trial court verbally denied the motion for return of seized property for lack of jurisdiction due to the appeal pending before the Ohio Supreme Court. The trial court journalized its denial of the December 8, 2016 motion for return of seized property in the retaliation case on May 12, 2017, addressed above, and again on June 13, 2017. Because the trial court speaks only through its filed journal entries, this Court must examine what appeals, if any, were pending when the June 13, 2017 journal entry was filed, and not when the hearing was held.

**{¶28}** The Ohio Supreme Court declined jurisdiction in Mr. Castagnola's appeal on April 19, 2017. Thus, that appeal did not divest the trial court of jurisdiction to file the June 13, 2017 journal entry.

{¶29} However, Mr. Castagnola filed an appeal with this Court on June 12, 2017 from the May 12, 2017 nunc pro tunc journal entry denying his pro se motion. It was this appeal that divested the trial court of jurisdiction from entering a subsequent denial of the motion for return of seized property on June 13, 2017.

{¶30} The June 13, 2017 journal entry is a nullity and is hereby vacated.

**The Retaliation Case: Renewed Motion for Return of Seized Property and Hearing**

{¶31} Mr. Castagnola argues that his due process rights were violated when the trial court denied his renewed motion for return of seized property without a hearing. This Court does not have jurisdiction to consider this argument.

{¶32} The record reflects that on December 8, 2016, Mr. Castagnola filed his original motion for return of seized property in both the pandering case and the retaliation case. Six months later, on June 6, 2017, Mr. Castagnola filed a renewed motion for return of seized property in the retaliation case only. In the retaliation case, the record contains two journal entries filed on May 12, 2017 and June 13, 2017, which denied the original "December 8, 2016" "motion for return of seized property." However, absent from the record is any ruling on the subsequent renewed motion for return of seized property in the retaliation case. *See State v. Weideman,* 11th Dist. Portage No. 2017-P-0011, 2018-Ohio-1108, ¶ 1. As such, there is no final, appealable order before this Court as to Mr. Castagnola's pro se renewed motion for return of seized property in the retaliation case. *Id.*

{¶33} Accordingly, this Court does not have jurisdiction to review Mr. Castagnola's second assignment of error relative to the pro se renewed motion for return of seized property in the retaliation case.

III.

**{¶34}** Mr. Castagnola's assignments of error related to the pandering case are overruled. The March 28, 2017 judgment entry in Case No. CR-2010-08-2244 of the Summit County Common Pleas Court is affirmed (Appellate Case No. 28621).

**{¶35}** Mr. Castagnola's assignments of error related to the retaliation case are moot. The May 12, 2017 nunc pro tunc judgment entry and the June 13, 2017 judgment entry in Case No. CR-2010-07-1951(B) of the Summit County Common Pleas Court are vacated (Appellate Case Nos. 28672 and 28702).

Judgments affirmed in part
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.