[Cite as *State v. N.C.*, **2024-Ohio-5587.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30937 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| N. C. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 07 1951(B) |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2024

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant N.C. appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2} This appeal involves N.C.'s vehicle, which was seized upon his arrest. In the underlying criminal case, N.C. was indicted for multiple charges that included a forfeiture specification for his car. The matter proceeded to a jury trial. On May 31, 2011, the jury found N.C. guilty on multiple charges, but not guilty of the forfeiture specifications. N.C. appealed his conviction. The Ohio Supreme Court reversed and remanded. After the Supreme Court's remand, N.C.'s convictions were vacated, and the case was dismissed.

{¶3} N.C. filed a motion for the return of the seized vehicle in December 2016 and a renewed motion in June 2017. After a hearing, the trial court issued a judgment entry denying

N.C.'s motion. N.C. appealed. This Court reversed the decision of the trial court concluding "that a motion for the return of seized property may be a viable means to request the return of property even after conviction." *State v. [N.C.]*, 2020-Ohio-1096, ¶ 17 (9th Dist.). We remanded the matter "for the trial court to consider [N.C.]'s requests for the return of property and to determine whether, upon the specific facts and circumstances of this case, the requested relief is appropriate and within the trial court's authority to order." *Id.* at ¶ 8.

Upon remand, in December 2020, [N.C.] filed an additional motion for the return of seized property, essentially requesting the trial court to act upon this Court's remand and requesting a hearing, if necessary, "to determine the nature and current status of the seized property." The State opposed the motion asserting that it was no longer in possession of all of the seized property . . . The State asserted that the vehicle was no longer in its possession because the impound fees had not been paid . . . . In April 2021, the trial court issued an order indicating that a hearing would be set and noting several questions it had pertaining to [N.C.]'s vehicle. Those questions included: "1. Under whose order was the automobile impounded? 2. Where was the automobile impounded? 3. Who owns the impound lot? 4. Was the automobile sold by the owner of the impound lot?[, and] 5. Under what authority was the automobile sold by the lot's owner and then the proceeds kept satisfying the impound fees?" While it appears a hearing was held, no transcript of it appears in this record. A further hearing was held June 25, 2021. At that hearing, no testimony was taken and no evidence was presented. Instead, the pending matter was discussed among the attorneys and trial court. The prosecutor represented to the trial court that he ["]inquired after our last hearing . . . of the Twinsburg Police Department. So after the trial, the forfeiture spec was – he was – the jurors found it was disproportionate to the offense, so they did not forfeit the car. Once that was done, they waited 30 to 60 days, sent notification to his last known address. And I guess – now, of course, he was in prison, but I think his mother came and picked up some other stuff up, but the car just sat. So after a certain period of time, then they turned it over to the tow yard for salvage title, and then they – I think they took – ended up taking possession and getting – going through the process to get the title. So it's no longer in the possession of Twinsburg Police Department.["]

The prosecutor also stated that if the Twinsburg Police Department had been in possession of the car, the State would be "turning it over." The trial court ordered the parties to brief whether the trial court could order a police department to return something it did not have or order a police department to provide monetary compensation for an item seized and then disposed of. Briefs were filed and the trial court thereafter issue[d] a ruling. The trial court ordered numerous items be returned to [N.C.], but also concluded that it could not order the return of [N.C.]'s

vehicle as it was no longer in the possession of the Twinsburg Police Department. Additionally, the trial court found that it could not order a monetary judgment against the Twinsburg Police Department.

*State v. [N.C.]*, 2023-Ohio-2218, ¶ 4-5 (9th Dist.).

**{¶4}** N.C. appealed for a second time. This Court again reversed the trial court's denial of N.C.'s motion and again remanded the matter "for the trial court to receive evidence as to what became of the car so that it can determine whether [N.C.] is entitled to the relief he seeks." *Id.* at ¶ 12.

**{¶5}** On November 1, 2023, the trial court held a hearing to receive evidence regarding N.C.'s vehicle. At the hearing, the State called the current records clerk for the Twinsburg Police Department. The clerk testified that (1) she started working for Twinsburg Police Department in 2014, (2) the records for this case have been destroyed, likely in 2014, and (3) she was able to access state databases to obtain information about the vehicle. The clerk testified that the state databases showed that (1) the vehicle was towed on June 29, 2010 by order of the Twinsburg Police Department, (2) the vehicle was towed to D & L Towing, which was the contracted as the Twinsburg Police Impound Lot, (3) on July 13, 2012, the Twinsburg Police Department issued an "affidavit title" for the car to D & L Towing, (4) also on July 13, 2012, D & L Towing transferred title of the car to D.R., the owner of D & L towing, (5) on June 3, 2022, after D.R.'s death, the car's title transferred to his wife, L.R., (6) L.R. remains the current owner of record for the vehicle.

**{¶6}** N.C. also testified at the hearing. He testified that representatives of D & L Towing, as well as his own attorneys, told him the car was being held as evidence and would not be released. N.C. testified that he never received notice from the State of his obligation to recover his vehicle from the impound lot. N.C. testified that the first hearing to address the release of his seized property was March 22, 2017.

**{¶7}** The trial court denied N.C.'s motion to return his car, finding that the trial court could not order the City of Twinsburg to return a vehicle if it has neither actual nor constructive possession of the vehicle. Additionally, the trial court concluded that since the vehicle was not sold by the City of Twinsburg, it could not order the proceeds of a sale to be distributed to N.C. N.C. has appealed a third time, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [N.C.] WHEN IT FOUND THAT IT DID NOT HAVE THE AUTHORITY TO ISSUE AN ORDER THAT THE OWNER OR OWNERS OF THE TWINSBURG POLICE DEPARTMENT'S CONTRACTED IMPOUND LOT RETURN HIS 2007 BLACK HYUNDAI SONATA AND ITS TITLE TO HIM, DESPITE A JURY'S VERDICT IN 2011 THAT THE VEHICLE WAS NOT SUBJECT TO FORFEITURE TO THE TWINSBURG POLICE DEPARTMENT AND A PLEA DEAL BEING NEGOTIATED IN 2016, UPON REMAND FROM THE OHIO SUPREME COURT, WHEREIN THE STATE AGREED TO DISMISS THE ACQUITTED FORFEITURE SPECIFICATIONS IN RETURN FOR A GUILTY PLEA TO COUNT ONE, RETALIATION, IN DEROGATION OF THE JURY'S VERDICTS, THE PLEA DEAL, THE LAW OF THE CASE IN THIS COURT'S PRIOR REMANDS IN SUMMIT APP. NOS. 29141 AND 30259, OHIO'S FORFEITURE STATUTES, AS WELL AS THE DUE PROCESS AND JUST COMPENSATION CLAUSES OF THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

**{¶8}** N.C. argues in his sole assignment of error that the trial court erred in failing to order the return of his vehicle or in allowing him to recover the proceeds from any sale of the vehicle. We agree.

**{¶9}** In its order denying N.C.'s motion to return his vehicle, the trial court reasoned, "[s]ince the car is not in either the actual or constructive possession of the City of Twinsburg, and since the vehicle was not sold by the City of Twinsburg, this Court cannot issue" an order to return

the vehicle or turn over the proceeds to N.C. We find that that the trial court failed to consider the full scope of its equitable powers and the jurisdiction of the court of common pleas.

{¶10} The Ohio Supreme Court "has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). This broad jurisdiction grants the courts of common pleas the authority to address a wide range of issues and to provide appropriate remedies in both legal and equitable matters. *See Santos v. Ohio Bur. of Workers' Comp.*, 2004-Ohio-28, ¶ 14-17.

{¶11} "A criminal proceeding and a forfeiture proceeding are separate and distinct events." *State v. Cruise*, 2009-Ohio-6795, ¶ 11 (9th Dist.), citing R.C. 2981.04(B). "A forfeiture action, while instituted as a criminal penalty, is a civil proceeding." *Id.*, quoting *State v. Roberts*, 102 Ohio App.3d 514, 518 (9th Dist. 1995). This distinction is important because it underscores the civil jurisdiction of the court in dealing with matters related to forfeiture, including the return of property or compensation for wrongfully retained property. The trial court's determination that it could not order the return of the vehicle or compensation for its loss due to its lack of possession is too narrow an interpretation of its powers. The court of common pleas has the authority to issue equitable remedies, which are designed to ensure fairness and justice in situations where legal remedies may be insufficient.

{¶12} In this case, the vehicle was possessed and retained by the Twinsburg Police Department as part of criminal proceedings. R.C. 2981.11(A)(1) states that:

> [a]ny property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no

longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

R.C. 2981.12(A) states that "[u]nclaimed or forfeited property in the custody of a law enforcement agency . . . shall be disposed of by order of any court of record that has territorial jurisdiction over the political subdivision that employs the law enforcement agency . . . ." As noted above, N.C.'s vehicle was seized pursuant to his arrest by the Twinsburg Police Department. *State v. [N.C.]*, 2018-Ohio-1604, ¶ 2 (9th Dist.). Pursuant to R.C. 2981.11(A)(1), the Twinsburg Police had a statutory duty to safeguard the vehicle. On July 13, 2012, without an order from a court and while the matter remained on appeal, the Twinsburg Police issued an affidavit title for N.C.'s vehicle to a third party.

{¶13} During the hearing to address N.C.'s motion, the clerk testified that the records regarding N.C.'s vehicle were likely destroyed in 2014, before the criminal matter was later resolved in 2016. Initially, "[t]he State asserted that the vehicle was no longer in its possession because the impound fees had not been paid . . . ." *[N.C.]*, 2023-Ohio-2218, at ¶ 4 (9th Dist.). Then the State claimed that notice to pick up his car was provided while N.C. was imprisoned (and the appeal was pending) and the car's title was transferred after it was not claimed. *Id*. Because the records were destroyed, the State is unable to verify whether notice was sent to N.C. at his prison address or any other location. Furthermore, the State cannot demonstrate that N.C. was informed of his obligation to recover his vehicle from the impound lot. Regardless of the State's justification for transferring title of the car, the State had an obligation to safeguard N.C.'s property and cannot prove that it fulfilled this duty.

{¶14} The court of common pleas retains the jurisdiction to provide an appropriate equitable remedy. This is the third appeal relating to N.C.'s motions for the return of his seized

vehicle. The trial court dismissed the forfeiture specification on June 9, 2011. Accordingly, we remand this matter to the trial court to make N.C. whole for the loss of his vehicle as of that date.

III.

{¶15} N.C.'s assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

N.C. pro se, Appellant.

ELLIOTT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.