[Cite as *State v. Dabney*, 2025-Ohio-1127.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.    24CA012154 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAMUEL DABNEY | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    23CR109405 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

SUTTON, Judge.

**{¶1}** Plaintiff-Appellant the State of Ohio appeals the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court reverses.

I.

**Relevant Background Information**

**{¶2}** Defendant-Appellee, Samual Dabney, was indicted on one count of arson, in violation of R.C. 2909.03(A)(1), a felony of the fourth degree. Mr. Dabney pleaded not guilty and retained counsel. At a later date, Mr. Dabney appeared in court, with counsel, for a change of plea hearing. The State amended the indictment to one count of criminal damaging or endangering, in violation of R.C. 2909.06(A), a misdemeanor of the second degree. In exchange for the amended charge, Mr. Dabney agreed to a period of 2 years of good behavior, including an anger management assessment and any recommended treatment, a no contact order with the victim, and restitution in the amount of $2,000.00. After voluntarily signing a plea form, where Mr. Dabney

indicated he understood the rights he was waiving, Mr. Dabney engaged in a Crim.R. 11 plea colloquy with the trial court wherein Mr. Dabney again acknowledged his understanding of the amended charge, maximum penalties, costs and restitution, and the rights he waived by pleading guilty.

{¶3} The trial court sentenced Mr. Dabney to 30 days in jail and a $250.00 fine, suspended, 2 years of good behavior, no contact with the victim, an anger management assessment, and restitution to the victim in the amount of $2000.00 to be paid within 3 weeks of the trial court's April 29, 2024 order. Additionally, the trial court set a restitution review hearing on May 22, 2024, to determine whether timely payment had been made to the victim. The May 22, 2024 restitution review hearing did not take place. The State, however, learned Mr. Dabney only paid the victim $100.00. On May 23, 2024, the State filed a motion to impose a jail-term sanction on Mr. Dabney for failing to pay the full amount in restitution within the time-frame ordered by the trial court and requested an oral hearing. The trial court set a hearing date to address restitution and the State's motion on June 12, 2024.

{¶4} Mr. Dabney, although still represented by counsel, filed a pro se "[n]otice to vacate plea[.]" In this filing, Mr. Dabney admitted to burning down a fence that his neighbor allegedly erected on Mr. Dabney's property without a permit or consent, and argued it was not felony arson, pursuant to R.C. 2909.03(A)(1), because the fence was located on Mr. Dabney's property, not his neighbor's property, and was not valued at $1,000.00 or more. Mr. Dabney indicated he "was ready to fight my case." The trial court set Mr. Dabney's filing to be heard on the same date as the State's filing.

{¶5} At the June 12, 2024 hearing, Mr. Dabney's counsel advised the trial court that Mr. Dabney filed a pro se motion to vacate his plea after being sentenced. The trial court asked counsel

to speak with Mr. Dabney and explain the high standard to withdraw a plea after sentence. In so doing, the trial court indicated that such a task is "quite near impossible." Counsel spoke with Mr. Dabney off the record and then requested a continuance of the hearing to allow Mr. Dabney to supplement or withdraw his motion.

{¶6}    Mr. Dabney, pro se, then filed what he labeled a "Manifest of Injustice[.]" Mr. Dabney reiterated he was ready to go to trial but his counsel "convinced" him to plead to a lesser charge. Mr. Dabney then demanded his case be dismissed because he cannot work as a federal aviation association licensed aircraft technician until his "background" is cleared.

{¶7}    At the rescheduled hearing to address these issues, Mr. Dabney's counsel again expressed he did not file the pro se motion to withdraw the plea, or the subsequent filing labeled Manifest of Injustice, but that he was at the hearing to represent Mr. Dabney on the issue regarding restitution. Counsel explained to the trial court that two motions had been filed, one by the State and one by Mr. Dabney. Counsel indicated, "[t]he State is looking to impose the suspended jail time on Mr. Dabney's failure to pay restitution. Mr. Dabney is attempting to withdraw his plea." Counsel further explained he made himself available to Mr. Dabney regarding the motion to withdraw the plea by setting an appointment, but the "appointment never happened." Counsel concluded by stating:

> I don't know exactly how he's arguing his motion. I'm aware of what the State is arguing. I can argue that. But as far as Mr. Dabney's motion to withdraw, Your Honor, I don't know anything about that.

The trial court then allowed Mr. Dabney to argue his pro se motion, while his counsel stood by, and took it under advisement.

{¶8}    The trial court granted Mr. Dabney's pro se post-sentence motion to withdraw his guilty plea without any indication that a manifest injustice occurred in this matter. *See State v.*

*Goodman*, 2024-Ohio-3353, ¶ 8 (9th Dist.) ("[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Straley*, 2019-Ohio-5206, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.") "A 'manifest injustice' is a 'clear or openly unjust act,' ... and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice [.]" *Straley* at ¶ 14. "A post-sentence withdrawal of a plea is only permissible under extraordinary cases[.]" *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.).

{¶9} The State now appeals raising two assignments of error for our review. Mr. Dabney did not file an appellee's brief in this matter. To aid in our analysis, we will discuss the State's assignments of error out of order.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERTAINING AND GRANTING [MR.] DABNEY'S PRO SE MOTION TO VACATE HIS PLEA WHILE HE WAS SIMULTANEOUSLY REPRESENTED BY COUNSEL.**

{¶10} In its second assignment of error, the State argues the trial court erred in entertaining and granting Mr. Dabney's pro se motion to vacate his plea while he was simultaneously represented by counsel.

{¶11} "The Ohio Supreme Court has prohibited hybrid representation; that is a combination of pro se representation along with the assistance of counsel." *State v. Castagnola*, 2018-Ohio-1604, ¶ 14 (9th Dist.), citing *State v. Thompson*, 33 Ohio St.3d 1, 6-7 (1987); *State v. Martin*, 2004-Ohio-5471, paragraph one of the syllabus ("In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted

simultaneously."). A defendant who is represented by counsel and does not move the court to proceed pro se may not "act as co-counsel on his own behalf." *Castagnola* at ¶ 14, quoting *Thompson* at 6-7. "Because a defendant does not have a right to hybrid representation, a trial court may not entertain pro se motions filed while a defendant is represented by counsel." *Castagnola* at ¶ 14. *See also State v. Pizzaro*, 2011-Ohio-611, ¶ 9 ("Had the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law."). Additionally, "[w]hen a criminal defendant is represented by counsel and counsel does not join in the defendant's pro se motion or otherwise indicate a need for the relief sought by the defendant pro se, the trial court cannot properly consider the defendant's pro se motion." *State v. Smith*, 2017-Ohio-8558, ¶ 32 (1st Dist.).

{¶12} Here, the record shows Mr. Dabney submitted several pro se filings to the trial court at the beginning of this case. In response, the trial court issued a journal entry striking these filings from the record and indicating Mr. Dabney is represented by counsel, is not entitled to hybrid representation, and "no further pro se motions will be addressed, considered, or ruled-upon by this [c]ourt as long as [Mr. Dabney] is represented by counsel." (Emphasis removed.) After pleading guilty to a lesser charge, a misdemeanor instead of a felony, Mr. Dabney was sentenced by the trial court, which included the payment of restitution by a specific date. The trial court set a review hearing pertaining to the payment of restitution approximately 3 weeks after sentencing. Mr. Dabney was still represented by counsel at this review hearing. As previously indicated, Mr. Dabney did not pay the full amount of restitution by the required date, and the State moved to impose the suspended jail term upon Mr. Dabney.

{¶13} Prior to the review hearing, Mr. Dabney filed a pro se "notice" to withdraw his plea. At the review hearing, Mr. Dabney's counsel explained Mr. Dabney submitted this filing pro se, and the trial court asked counsel to explain the very high standard that needed to be met in order to withdraw a plea post-sentence. Counsel spoke with Mr. Dabney off the record and asked for a 2-week continuance. Mr. Dabney submitted another pro se filing titled "Manifest of Injustice[.]" At the rescheduled hearing, counsel reiterated he did not make either of these filings and admitted to having no knowledge of how Mr. Dabney would argue for withdrawal of his plea post-sentence. Counsel then told the trial court he was only there to argue against the State's motion to impose a jail term upon Mr. Dabney.

{¶14} Notably, Mr. Dabney never moved the trial court to represent himself pro se. Instead, the trial court allowed Mr. Dabney to make an oral argument regarding the withdrawal of his plea, with counsel present, which, among other things, called into question the quality of representation Mr. Dabney received from counsel in making this plea deal with the State. Moreover, counsel did not join in Mr. Dabney's motion to withdraw his plea.

{¶15} Indeed, in spite of the trial court's own admonishment at the beginning of this case that no other pro se motions would be addressed, considered, or ruled-upon by the court while Mr. Dabney was represented by counsel, the trial court took the matter under advisement and granted Mr. Dabney's pro se motion. As such, the trial court allowed Mr. Dabney to partake in hybrid representation and considered pro se filings which were not properly before the trial court.

{¶16} Based upon this record, the trial court erred in allowing hybrid representation by considering a pro se post-sentence motion to withdraw a guilty plea where Mr. Dabney was clearly still represented by counsel, Mr. Dabney did not request to represent himself pro se, and counsel did not join in the motion or indicate a need for such relief.

**{¶17}** Accordingly, the State's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING [MR.] DABNEY'S PRO SE MOTION TO VACATE HIS PLEA ABSENT A SHOWING OF MANIFEST INJUSTICE.**

**{¶18}** Based upon our resolution of the State's second assignment of error, the State's first assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

**{¶19}** For the foregoing reasons, the State's first assignment of error is moot and the State's second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

TONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellant.

KENNETH A. NELSON, Attorney at Law, for Appellee.